244 ST. LOUIS.

Taylor v. Jeter.

TAYLOR *et al.*, Plaintiffs in Error, v. JETER & ROBINSON, Defendants in Error.

1. A. agreed to erect a building for B., A. furnishing the materials; B. engaged to pay to A. various specified sums at particular stages in the progress of the work, the remainder to be paid sixty days after the completion of the building, and its acceptance by B.; C. became the security of A. for the timely execution on his part of this contract. The building was completed by A. and accepted by B., and although B. received notice before the completion of the building of the filing of various mechanics' liens for materials furnished by sub-contractors under A., he yet paid to A. the contract price before the completion of the building, and before he was bound by the contract to pay the same. *Held*, that B. having been compelled to pay the liens thus established against the building in breach of the contract of A., and having failed to protect himself by retaining the sums falling due after the date of the notice of the liens, could not resort to C. as the security of A. for indemnity.

*Error to St. Louis Court of Common Pleas.*

On the 1st November, 1851, an agreement in writing was made between defendant, Jeter, and the trustees of the post-

office building.   Jeter, on his part, contracted to furnish all the materials and do all the work with diligence and dispatch necessary to the erection and entire completion of said building in accordance with certain plans and specifications (except certain portions of the work particularly named).   He also agreed to make deductions from the contract price provided certain changes were made, and it was mutually agreed that the contract should not be impaired by reason of any alteration that might be directed by the trustees, and in the event any addition or omission in the plan of the building should be directed by the trustees, the cost thereof should be agreed upon in writing, and signed by the parties before the change should be made or any allowance therefor should be claimed.   The trustees, on their part, agreed, in consideration that Jeter would faithfully perform his undertaking, to pay him $6625, as follows : when the first floor of joist was laid, $500 ; when the second was laid, $700 ; when the third was laid, $700 ; when the building was roofed, $1600 ; when the building throughout was ready for plastering, $500 ; when the building was finished, $1000 ; and the residue sixty days after they should receive the building.   The agreement was signed by Taylor for the trustees, and by Jeter.   On the day the agreement was made, the defendant, Robinson, as the surety for Jeter, executed a writing obligatory, wherein he bound himself to the trustees in double the amount of the sum for which Jeter had contracted to erect the building, conditioned for the timely execution and fulfilment of the entire undertaking on the part of Jeter as set forth in the said agreement.   On these instruments the plaintiffs instituted this suit.

The petition states that Jeter proceeded to construct the building in pursuance of his agreement ; that including $694 90 allowed him for extra work, the whole amount due him was $6619 90 ; that they paid him, from time to time, various sums, amounting in all to $6544 89, leaving unpaid, of the amount due him, $75 01 ; that Jeter did not fulfil his agreement, in that he did not furnish all the materials and do all the

work necessary to the completion of the building for $5925, but, on the contrary, they paid him that sum and the further sum of $619 89 for extra work ; that Jeter, having employed sundry persons to furnish materials for and to do work upon the building, of the descriptions which, by his agreement, he was required to furnish and do, failed to pay said persons for such materials and work, and thereupon said persons filed liens on the building, and prosecuted the same to judgment, which plaintiffs were legally compelled to pay and did pay ; that they paid the following judgment lien creditors, to-wit, Isaac Fisher, $32 47 ; Jacob Vogdes et al., $653 47 ; Kingsland & Lightner, $326 47 ; A. M. Bacon, $182 68, and William Patrick, $264 98, amounting in all, including interest and costs, to $1460 07 ; which sum, less $75, the amount unpaid to Jeter, they claimed to be due them, and for which they asked judgment against Robinson & Jeter.

The answer of Robinson put in issue the material allegations in the petition, and averred that the plaintiffs gave him no notice, during the time Jeter was doing the work, that he was failing in any manner to comply with his agreement, or that he was failing to furnish any materials he had agreed to furnish, or that he had failed to pay the persons to whom he was indebted for work or materials, or that liens were filed against the building, or that Jeter was doing extra work. Jeter made default, and final judgment was rendered against him.

The case was tried by the court and the finding is as follows : " The court finds the facts to be as follows : The plaintiffs are and were, as averred in the petition, trustees of the post-office building company. The defendant did execute the writing obligatory set out in the petition as in the petition alleged, and the said Jeter did execute the contract in the petition alleged to have been executed by him. [The contract and writing obligatory made part of the finding.] The said Jeter furnished all the materials and performed all the work and labor required of him by said contract, but failed to pay therefor in the several matters charged in the petition. In conse-

Taylor v. Jeter.

quence of said failure on the part of said Jeter to pay therefor, the plaintiffs paid the said lien creditors after they had obtained judgments on their respective lien claims, at the times set out in the petition, the sum of $1385 06, including interest thereon ; and of said sum, $210 78 were paid by the plaintiffs for liens growing out of the extra work and materials. The said building was completed and accepted by the plaintiffs on the first day of June, 1852. The following payments were made by the plaintiffs to said Jeter, under said contract :

| 1851. | Nov. 15 | $500 00 | 1852. | April 10 | 294 00 |
|---|---|---|---|---|---|
| | " 15 | 21 00 | | " 10 | 114 50 |
| | " 29 | 700 00 | | " 17 | 66 00 |
| | Dec. 24 | 700 00 | | Mar. 20 | 42 00 |
| 1852. | Feb. 7 | 1600 00 | | May 12 | 32 40 |
| | " 28 | 500 00 | | " 14 | 60 25 |
| | Mar. 27 | 85 87 | | " 14 | 300 00 |
| | April 3 | 78 50 | | " 14 | 537 37 |
| | " 5 | 463 00 | | " 14 | 450 00 |

The amount of work and materials furnished by said Jeter under the terms of the contract, paid and unpaid for, was $5925 ; extra work amounted, according to agreement of parties, to $694 90. The defendant did not pay nor did said Jeter pay any of said lien claims. · The defendant received no notice from any of the plaintiffs, during the time said Jeter was at work under said contract, that said Jeter was not complying or that he was in any manner failing to comply with said contract, or that he had failed to pay for materials, work or labor on said building, or that he was doing extra work on said building, or that any liens were filed against said building. The said Jeter was fully paid for said work and materials, less $75 01, by the 14th May, 1852, and the plaintiffs had notice of the said lien claims mentioned in the petition, the amounts thereof, and that the persons to whom they were due would claim liens on said building, as follows, to-wit : They had notice of the said claim of William Patrick on the 23d April, 1852 ; of the said claim of Kingsland & Lightner on the 7th May, 1852 ; of the said claim of Vogdes & Garnett on the

7th May, 1852; of the claim of A. M. Bacon on the 15th May, 1852, and of the claim of said Isaac Tucker on the 15th May, 1852. Said claims were for work and materials to be furnished by said Jeter under his said contract, and said liens were duly perfected in the St. Louis Circuit Court, and the plaintiffs had notice of the first four of said lien claims before the last five of said payments were made. The said Jeter failed to furnish the materials and work by him agreed to be furnished with diligence and dispatch, as agreed by him, in that he never paid for the materials and work as aforesaid, embraced in the said several lien claims. The amount paid by the plaintiffs to discharge said liens, including the interest thereon, exclusive of the liens for extra work and materials, is, including the interest thereon from the time of said payments to the present time, at the rate of six per cent. per year, the sum of $1342 54, after deducting $75 of contract price remaining unpaid to Jeter. Thereupon, the court declares that the plaintiffs are not entitled to recover of the defendant, Robinson."

A motion for a review having been made and overruled, the case is brought to this court by writ of error.

*C. D. Drake*, for plaintiff in error.

I. The ground insisted upon by the defendant, Robinson, and that upon which the decision of the court below is believed to have been based, as discharging him from liability, is, that the plaintiffs, by paying Jeter in advance of the times specified in the contract, deprived Robinson of a security, to the benefit of which he claims, that he, as Jeter's surety, was entitled. It is submitted that this position is manifestly erroneous, for the following reasons : 1st. The stipulations in the contract with Jeter can not be regarded in any way as intended for the protection of Robinson, but simply as designating the times when and the proportions in which the contract price should be paid to Jeter. When, therefore, Jeter applied for and received payments in advance of the dates specified, Robinson was as much his surety for the fulfilment of the contract as though such payments had not been made until the times designated therein.

Taylor v. Jeter.

2d. There is nothing in the case tending to show that the deferring of the payments to Jeter until the times specified in the contract would have, in any way, prevented the sub-contractors from filing their liens against the building and compelling the plaintiffs to pay them. If Robinson seeks to avail himself of a departure from the strict terms of the contract, he must show how such departure has affected him. The presumption is that the money paid to Jeter in advance of the times stipulated, was applied to the erection of the building according to the contract. If it was, then the amount of the liens remained, and Jeter was bound to pay them ; and in default of his doing so, Robinson was so bound. 3d. When Robinson seeks to avoid his liability as surety because plaintiffs paid Jeter in advance of the time of payment required by the contract, it is necessary for him to show, that if the payments had not been made until they were due, Jeter's contract would have been fulfilled. If he neither shows this, nor that the non-fulfilment of the contract was owing to the advance payments, he does not make out a case of injury to him which will discharge him as surety. 4th. The facts found by the court do not justify the conclusion of law declared thereupon. Upon the supposition that Robinson, as surety, was entitled to a strict adherence by the plaintiffs to the terms of payment specified in the contract ; here is the sum of $1167 53 in excess of the contract price, which plaintiffs have been obliged to pay, and which, so far as appears in the case, they would have been obliged to pay, whether their payments to Jeter had been made in advance or at the times stipulated. It is contended, therefore, that for this sum at least judgment should have been given for the plaintiffs.

*Glover & Richardson*, for defendants in error.

I. The surety was entitled to the indemnity against liability by the provision in the contract that the principal should only be paid at certain intervals.

II. The plaintiffs having the means of satisfaction in their own hands, were bound to retain it, and having *voluntarily* surrendered the security without the knowledge or consent of

the surety, he was discharged. (Commonwealth v. Miller, 8 Serg. & Raw. 457; Lechenthaler v. Thompson, 13 id. 159; Law v. East India Co. 4 Vesey, 829; Finney v. Commonwealth, 1 Pen. & Watts, 242; Theobold on Prin. and Surety, sec. 174, p. 95; 1 Story's Eq. § 325, 326.)

III. The petition states that the plaintiffs were compelled to pay the liens; the respondent, in his answer, ignores any knowledge on the subject, and puts the plaintiffs to the proof; the proof shows that the payments were not compulsory, because, after they received notice of the liens, they had money in their hands belonging to Jeter which was sufficient to discharge the liens, and which they voluntarily passed away, when they ought to have retained it to satisfy the liens.

IV. The court found that the money was paid to Jeter, not to any creditor who furnished materials or did work on the building. No presumption can arise that the payments were made in order to prevent liens, and it can not be argued that if the money in the hands of the plaintiffs had been withheld from Jeter and paid to the lien creditors mentioned in the petition, that other creditors would have filed and perfected liens.

LEONARD, Judge, delivered the opinion of the court.

It is well settled in our equity law, and it seems, too, in the legal systems of other countries, that the surety is entitled to the benefit of all the securities for the debt taken by the creditor from the principal debtor, and is therefore discharged from liability to the extent to which the creditor has parted with these securities; and this is agreeable to natural equity. (1 Story's Eq. § 327, *et seq.*) Accordingly, in a case like the present, (Calvert v. The London Dock Company, 2 Keen's Rep. 639,) where a contractor undertook to perform certain work, and it was agreed that three-fourths of the work, as furnished should be paid for every two months, and the remaining fourth upon the completion of the work, the Master of the Rolls, Lord Langdale, decided that the sureties for the due per-

formance of the contract were released from their liability by reason of payments, exceeding three-fourths of the work done, having, without their consent, been made to the contractor before the completion of the whole work. The same principle is applied in the present case, and, although the defence grows out of an equitable and not a legal right, and in the English case the relief was given in equity and not at law, yet under our present system of procedure it may be relied upon as a defence to a suit upon the legal liability, if all the necessary parties are before the court. The contract duty of this builder was to furnish the materials and do the labor, and he failed in both respects when he allowed the building to be encumbered with these liens. The owner having notice of them, and paying what by the substantial terms of the contract he was entitled to retain until they were removed, voluntarily abandoned an ample fund, which, according to the conditions of the contract, was to accumulate in his own hands as the primary security for its due performance, and in which the surety had an equal interest with himself. He must, therefore, bear the loss occasioned by his own negligence or folly. The judgment is affirmed.