CHARLES COBURN AND ANOTHER *vs.* CITY OF HARTFORD.

*A* contracted with the defendants, a municipal corporation, to build a sewer at a specified price per lineal foot, the work to be completed on or before the 15th of October, 1870. On the 28th of October, 1870, when the work upon the sewer was about half done, a suit was commenced against *A* in which the defendants were garnisheed, and a copy of the writ was on that day served upon the defendants. The sewer was not completed until the 14th of November, 1870, and on that day the common council of the defendants, by vote, directed payment to be made for it according to the contract.

In scire facias against the defendants, it was held that the contract was entire and not apportionable; that it had not been waived or abandoned by the parties; that the defendants became liable for the work done under the contract when the sewer was completed, and not before; and that therefore they were not indebted to *A* when the copy in the original suit was left with them in service.

SCIRE FACIAS in foreign attachment; brought to the Court of Common Pleas for Hartford county, and tried on the general issue closed to the court (*Briscoe, J.*) The court rendered judgment for the defendant, and the plaintiffs moved for a new trial.

On the 24th of September, 1870, Charles C. Soper, the defendant in the original suit, entered into a contract with the city of Hartford to build a sewer in that city. By the terms of the contract the sewer was to be completed on or before the 15th of October, 1870, and Soper was to receive for building it one

dollar and seventy-two cents per lineal foot. The sewer was completed November 14th, 1870, and the sum of $1,204.53 became due upon the contract from the city, and the common council of the city on that day passed the following vote : "Voted, that the city auditor be and he hereby is directed to draw an order on the city treasurer, for the sum of twelve hundred and four dollars and fifty-three cents in favor of C. C. Soper, the same being in full of his account for the construction of the sewer in Russ street." The copy of the writ in the original suit was left in service with the city on the 28th of October, 1870, at which date the work upon the sewer was about half done. The defendant had sometimes paid persons employed in doing work of this character before the entire contract was completed, but no such payments were made or orders drawn without an order of the common council. No such order was made or payment required in this case until after the sewer was built.

The plaintiffs claimed as matter of law that the contract was apportionable ; and that the service of the writ of foreign attachment upon the defendant rendered the defendant liable to pay to the plaintiffs such portion of the amount due on the contract as would satisfy the plaintiffs' claim.

The defendant claimed that the contract was entire, and that no debt was due from the defendant to Soper when the copy in the original suit was left in service with the defendant.

The court did not decide, as claimed by the plaintiffs, that the contract was apportionable, but decided, as claimed by the defendant, that the contract was entire, and rendered judgment for the defendant.

*McManus* and *R. Welles*, in support of the motion, cited *New Haven Saw Mill Co.* v. *Fowler*, 28 Conn., 110 ; *Leonard* v. *Dyer*, 26 id., 177 ; *Corey* v. *Powers*, 18 Verm., 587; *Dyer* v. *Jones*, 8 id., 206 ; *Booth* v. *Tyson*, 15 id., 518 ; *Gilman* v. *Hall*, 11 id., 510 ; Drake on Attachment, sec. 464 and notes ; *Quigg* v. *Kittredge*, 18 N. H., 137 ; *Britton* v. *Turner*, 6 id., 481 ; *Thompson* v. *Purcell*, 10 Allen, 426 ; *Bassett* v. *Sanborn*, 9 Cush., 58 ; *Baltimore & Ohio R. R. Co.* v. *Lafferty*, 2 W.

Va., 104; *Newman* v. *Mc Gregor*, 5 Ohio, 349; 2 Greenl. Ev., sec. 104; 2 Parsons Cont., 521, note 9; id., 522, 523 and note (*v*); *Oxendale* v. *Wetherell*, 9 Barn. & Cress., 386; *Bowker* v. *Hoyt*, 18 Pick., 555; *Roberts* v. *Havelock*, 3 Barn. & Ad., 404; *Sickels* v. *Pattison*, 14 Wend., 257; *Lord* v. *Wheeler*, 1 Gray, 282.

*Goodman*, contra.

FOSTER, J. Several questions arose on the trial of this action in the court below; among them, one as to the character of the contract entered into between Soper and the defendants. The defendants claimed that it was an entire contract; and inasmuch as the work was not done on the 28th of October, 1870, when the copy was left with them in service, nothing was then due to Soper, and so there could be no recovery in this action. The plaintiffs denied this to be the true construction of the contract, and insisted that it was not entire, but apportionable; and that there was a sum due Soper from the defendants when the copy was left in service, more than sufficient to pay the debt due the plaintiffs.

It appeared that the city had, on orders of the common council, made payments to persons employed in doing work of the same character before the entire contract was completed; and though no such payments had been called for or made in this case, the plaintiffs claimed that this contract might fairly be construed to have been made with such an understanding implied.

The plaintiffs further claimed that the contract had been waived by both parties, and that the defendants therefore were liable to Soper for the amount of work done when the copy was left with them in service.

The court decided that this contract was entire and not apportionable, and that we have no doubt is the correct construction. The terms of the contract are plain, simple, and intelligible. Soper was to furnish the materials and construct the sewer under the direction and to the satisfaction of the city surveyor; the work to be completed on or before the 15th

of October, 1870, at a specified price per running or lineal foot. The fact that the city had made payments to parties on similar contracts during the progress of the work, can have no effect upon this contract; it is in writing; it must speak for itself, and it speaks the language of an entire contract. The work was not completed till the 14th of November, 1870, and on that day the common council of the city, by vote, directed the payment of the bill. This, and this is all the evidence there is on this subject, certainly does not show that the parties had waived or abandoned the contract, and that Soper was at work on a *quantum meruit*. The most that can properly be claimed from it is that Soper failed to complete his work within the time specified, and that the defendants did not insist on regarding that as a breach of the contract. That therefore still remained a subsisting, entire contract, in no way altered except by an extension of the time for its performance.

The defendants became liable for the work done under this contract on the 14th of November, 1870, and not before, for till then it was not completed. They were not indebted when the copy was left in service on the 28th of October, 1870, and so the plaintiffs are not entitled to recover. Our statute, page 70, § 299, quoted by the plaintiffs' counsel, is applicable to an existing debt payable at a future day. Here there was no existing debt.

The ruling in the court below as to the character of this contract was correct, and as the decision of this question disposes of the case, it is unnecessary to consider the other points made in the motion.

A new trial is denied.

In this opinion the other judges concurred.