LITCHGI, Respondent, v. GOTTLIEB, Appellant.

**St. Louis Court of Appeals, November 17, 1908.**

1. **BUILDING CONTRACT: Bond: Surety: Payments.** Where a bond is given for the performance of a written contract, the contract is as much a part of the bond as if written in it, and a surety on the bond has a right to insist upon the performance of the very terms of the contract; any substantial departure from the terms of payment for a building in a building contract, without the consent of the surety on the contractor's bond, will discharge him from his obligation.

2. ————: ————: ————: ————. Where a building contract is silent as to the time when payment should be made, the contractor could not demand payment until he had the building completed; nevertheless, payment to the contractor by the owner before the completion of the building in such case would not release the surety on the bond, and he would be liable for failure of the contractor to complete the building.

Appeal from St. Louis City Circuit Court.—*Hon. Chas. Claflin Allen*, Judge.

AFFIRMED.

*Paul K. Reiss* for appellant.

(1) It is conceded that any departure from the contract by either of the principals without the consent of the surety releases the surety even though designed for his benefit. Burnes Est. v. Fidelity & Deposit Co., 96 Mo. App. 467; Warden v. Ryan, 37 Mo. App. 466; Lumber Co. v. Gates, 89 Mo. App. 201; Swazy v. Doyle, 85 Mo. App. 536. (2) "Where no time is specified for the payment of the compensation, it is universally recognized that the completion of the work is a prerequisite to the right to payment." 30 Am. and Eng. Ency. of Law, 1274, 1275; Coburn v. Hartford, 38 Conn. 290; Shank v. Griffin, 14 B. Mon. (Ky.) 153; Thompson v. Phelan, 22 N. H. 340. And this implication of law is as much a part of the contract as if it were expressed. Bishop on Contracts, sec. 243.

*Geo. W. Lubke* and *Geo. W. Lubke, Jr.,* for respondent.

The contract in the case at bar does not forbid the payment of the contract price at any times the plaintiff might see fit to make payments. Plaintiff, therefore, might pay as he chose, either as the work progressed or when Gottlieb might have compelled payment. But even if the contract had contained an express provision that the contract price be retained by plaintiff in whole or in part until the completion of the building, that provision would be construed as being for his benefit and not for the benefit of the appellant. Fidelity & Deposit Co. v. Robertson, 136 Ala. 379; Meyers v. Wood, 26 Tex. App. 591; Manufacturing Co. v. Marks, 36 Ore. 523; DeMatton v. Jordan, 15 Wash. 378.

BLAND, P. J.—The action is against a surety on a builder's bond. The bond provided that the builder should build the house according to contract. The only portion of the contract directly bearing upon the issues as made by the pleadings is the clause in respect to the payment of the contract price of $1,781.50. This clause reads as follows: "The said party of the first part agrees and binds itself for and in consideration of the erection of said buildings as aforesaid, to pay unto the party of the second part the sum of $1,781.50." The proof shows that plaintiff paid the contractor $200 when the foundation of the house was completed and at about the same time executed his note to the builder for the sum of $970, securing the same by a deed of trust on the lot of ground upon which the building was in the course of construction, which note and deed of trust the builder immediately sold for cash, which he retained. The proof further shows that the builder, after erecting the walls of the house and partially inclosing it, abandoned his contract and left the State. After the builder abandoned his contract, plaintiff

paid the sum of $614.97 in debts incurred by the builder for material used in the construction of the house and for labor done upon it; he also paid $905.15 for the completion of the structure after the contractor abandoned it. By the terms of the contract, the builder agreed to complete the house on or before September 10, 1905. It was not completed until June 1, 1906, and it was agreed that the rental value of the house was $25 per month.

The defense set up in the answer was that defendant was discharged from his obligation as a surety on the bond, for the reason plaintiff departed from the terms of the contract by making the payment of $200, and indirectly the one of $970, to the contractor before the completion of the building. The court, to whom the issues were submitted, ruled against this defense and found the issues for the plaintiff, assessing his damages at $993.20, and rendering judgment therefor in his favor. As there was no time agreed upon when the contract price should be paid, the builder could not demand payment of any portion of the contract price prior to the completion of the building. [Coburn v. City of Hartford, 38 Conn. 290; Shanks v. Griffin, 14 B. Mon. (Ky.) 153; Thompson v. Phelan, 22 N. H. 339.] Plaintiff concedes that he was not bound to pay the contract price or any part thereof until the building was completed, but contends that as the contract does not prohibit the payment of the contract price before the completion of the building, he was at liberty to pay as he chose, in advance, as the work progressed, or on the completion of the building and in these circumstances, the payment made before the building was completed was not a departure from the terms of the contract. In support of this contention, plaintiff's learned counsel cite the following cases: Fidelity & Deposit Co. of Maryland v. Robertson, 136 Ala. 379; Hand M'fg. Co. v. Marks, 36 Ore. 523; DeMattos v. Jordan, 15 Wash. 378.

Fidelity & Deposit Co. v. Robertson was a suit on a builder's bond. The contract provided that the amount agreed upon was to be paid in equal installments upon the approval of the architect, and that fifteen per cent should be reserved on all payments until the building was completed. It was held that this provision was solely for the benefit of the owner and that the answer by his surety in which a departure from it was pleaded, as a defense to the action on the bond, was demurrable. In Hand Mfg. Co. v. Marks it was ruled that a surety on a contractor's bond was not discharged by the owner making a premature payment to the contractor when the payment did not impair any security reserved under the contract and which would inure to the benefit of the surety. In DeMattos v. Jordan it was held: "Where a building contractor was to be paid monthly, as the work progressed, upon the supervising architect's estimate of the amount of work completed, the fact that the owner accepts an order from the contractor in favor of a materialman and agrees to pay same, on the day the estimate becomes due, paying at the time cash, however, a small percentage of the claim to accommodate the materialman, does not constitute such a payment in advance as will release the sureties upon the contractor's bond."

The Am. and Eng. Ency. of Law, vol. 27, p. 496, states the law to be that, "Where the contract provides, as it usually does, that the owner shall withhold a certain per cent of the contract price until the contractor has completed the building, the failure to withhold such money will discharge the surety, not only on the ground that it is an alteration of the contract, but that it is a surrender of security agreed to be held for his benefit." In the same paragraph it is noted that in some jurisdictions the surety is not discharged by the failure to retain such reserve percentage.

Evans v. Graden, 125 Mo. 72, was a suit on a builder's bond. The facts were that Rider & Son entered

into a written contract with George S. Park whereby
Rider & Son agreed to furnish all the material and erect
a building for Park for the use of Park College. Park
agreed to pay Rider & Son $5,800, Rider & Son not to
draw at any time "over seventy per cent of the work
done." Rider & Son gave bond to secure the perform-
ance of the contract with Graden as surety. Rider &
Son abandoned the work so that Park was compelled to
complete the building himself. The amount paid Rider
& Son to complete the building exceeded the contract
price $1,408. - Park died and the plaintiff, as adminis-
trator, brought suit on the bond. One of the defenses
set up in the answer was that Park from time to time
paid Rider & Son more than seventy per cent of the
value of the work done. In respect to this defense,
BLACK, P. J., writing the opinion of the court, at p. 77
said: "The defendant, as a surety, has a right to stand
upon the agreement that Park would not pay Rider &
Son during the progress of the work more than seventy
per cent of the value of the work done; and if Park,
during the progress of the work, paid Rider & Son more
than seventy per cent of the value of the work done,
without the consent of the sureties, he thereby discharg-
ed the defendant. [Taylor v. Jeter, 23 Mo. 244; Ryan
v. Morton, 65 Texas 258; Bragg v. Shain, 49 Cal. 131.]"
This case is in accord with the law as stated in the Am.
and Eng. Ency. of Law, supra, and is opposed to the
Alabama, Oregon and Washington cases. In a bond
given for the performance of a written contract, the
contract is as much a part of the bond as if written in
it, and it seems to us that the surety has a legal right
to insist upon the performance of the very terms of the
contract, and that stipulations in the contract in re-
spect to the time and terms of payment are for his bene-
fit, and any substantial departure therefrom, without
his consent, will discharge him from his obligation. But
the contract is silent as to the time when payment

should be made, and while the contractor could not demand payment until he had completed the building, there is no provision in the contract prohibiting payment at any time, and it seems to us it would enlarge the contract and import into it stipulations which the parties did not choose to incorporate in it, to hold that for the reason plaintiff paid a part of the contract price before it was due, the surety was discharged. The defense is not bottomed on a departure from any stipulation or provision written in the contract and for that reason should fail.

The judgment is affirmed. All concur.