BERNEY HARRIS, Appellant, v. E. P. TAYLOR, E. R. DARLINGTON and JOHN M. SELLERS, Respondents.

St. Louis Court of Appeals, June 14, 1910.

1. **PRINCIPAL AND SURETY: Builder's Bond: Reference to Contract.** In determining liability on a builder's bond, the building contract, which is parcel of the undertaking assumed

in the bond, must be considered therewith, so far as it is relevant.

2. ———: ———: ———: **Contract Construed.** A stipulation of a building contract, providing that the owner might retain out of any payment then due, or thereafter to become due, an amount sufficient to completely indemnify him against any · lien which might thereafter be established against the property, does not in terms enjoin the duty on „the owner to retain an amount sufficient to discharge any threatened lien, but fully authorizes him to do so, if there is evidence of any lien chargeable to the contractor, for which, if established, the premises might become liable.

3. ———: ———: ———: **Discharge of Surety.** Under a building contract entitling the owner to retain from payments an amount sufficient to indemnify himself against lienable claims, and providing for payments on architects' certificates, when they are due, the sureties on the contractor's bond were discharged from liability for mechanics' liens, amounting to less than the final payment, by the owner waiving the right to retain sufficient money to discharge the claims and by his making final payment on orders of the architects without certificates that payment was due; the provision authorizing the owner to retain payments sufficient to indemnify himself against reasonable claims being a security which, through subrogation, inured to the benefit of the sureties, and by voluntarily releasing this security, the owner waived his right to enforce the contract of suretyship.

4. ———: **Nature of Surety's Liability.** A surety's obligation is *strictissimi juris* and may not be extended beyond the plain letter of his undertaking.

5. ———: **Discharge of Surety.** The surety on a builder's bond is discharged from liability when the owner does an act whereby injury, liability to loss or increase of risk accrues to the surety without his assent.

6. ———: **Builder's Bond: Variation from Terms of Contract.** Where building contract provisions for payments, fairly construed, afford an element ·of security inuring to the benefit of a surety on a bond, given for the performance of such contract, any variation by the owner from such provisions that impairs such security is a material alteration of the contract of suretyship and discharges the surety.

Appeal from St. Louis County Circuit Court.—*Hon. John W. McElhinney*, Judge.

AFFIRMED.

*David Goldsmith* and *Bernard Greensfelder* for appellant.

The provision of the contract that all payments should be made upon certificates of the architect did not purport to be, and could not reasonably have been intended as, prohibitive of payments without such certificates. Gillis v. Care, 177 Mass. 589; Smith v. Molleson, 148 N. Y. 250; Fuller v. Doyle, 87 Fed. 693; Allen v. W. S. Co., 93 S. W. 44; 30 Am. and Eng. Ency. Law (2 Ed.), p. 1246; Blether v. Blake, 44 Cal. 120.

*Rassieur, Schnurmacher & Rassieur* for respondents, Darlington and Sellers.

When the owner and contractor departed from the requirements of the contract and arranged for a partial payment, on account of the final installment payable under the contract, before the final installment was due or before the architects had issued a written certificate to the effect that this final installment had become due, the sureties were thereby released. Taylor v. Jeter, 23 Mo. 244; Evans v. Graden, 125 Mo. 72; Bowman v. Heating Co., 80 Mo. App. 628; Burnes Estate v. Fidelity Co., 96 Mo. App. 467; Simonson v. Grant, 36 Minn. 439; Bragg v. Shain, 49 Cal. 131; Ryan v. Morton, 65 Tex. 258; Cowdery v. Hahn, 105 Wis. 455; Wehrung v. Denham, 42 Ore. 386; Welch v. Hubschmitt Co., 61 N. J. L. 57; Truckee Lodge v. Wood, 14 Nev. 293; Opera House Co. v. Miller, 16 Nev. 327; Peters v. Mackay, 20 Wash. 172; Backus v. Archer, 109 Mich. 666; Bell v. Paul, 35 Neb. 240; St. Mary's College v. Meagher, 11 S. W. 608.

NORTONI, J.—This is a suit on a bond against a building contractor, as principal, and his sureties. The finding and judgment were for the plaintiff against the principal but for the defendant sureties. From this

judgment discharging the sureties plaintiff prosecutes the appeal.

It appears plaintiff and defendant Taylor, who is principal in the bond, entered into a written contract whereby Taylor agreed to furnish materials and construct a building for plaintiff in accordance with plans and specifications therein mentioned. Contemporaneously with this contract, and for the same consideration, defendant Taylor executed to plaintiff the building bond sued upon, for the faithful discharge of the obligation imposed upon him by the building contract. Defendants Darlington and Sellers are sureties on this bond. Among the duties assumed by the contractor it was for him to discharge all accounts that might become liens upon the property, and the bond assures the performance of this obligation. Defendant Taylor, the contractor, completed the building and gave possession thereof to plaintiff but it seems failed to discharge all of the bills for materials. A mechanic's lien was established against the property for the amount of $1001.59, together with costs. The breach of the bond alleged and relied upon for a recovery relates to this matter. By this suit, plaintiff seeks to recover from Taylor, the contractor, and Darlington and Sellers, the sureties on the bond, the amount he was required to pay because of the mechanic's lien established against his property. The matter stands confessed by defendant Taylor, the contractor and principal in the bond, but defendants Darlington and Sellers, the sureties, affirmatively plead that they are discharged because of the fact that plaintiff, the obligee in the bond, voluntarily released a security in his hands which inured to their benefit. The building contract, in so far as relevant, is, of course, parcel of the undertaking assumed in the bond and must be considered therewith. By this contract, it was agreed plaintiff should pay the contractor $4525 for the building complete and that this amount was to be paid in instalments as therein stipu-

làted. No payments, however, were to be made except upon a written certificate of the architects to the effect that such payments had become due. The final instalment was payable by the terms of the contract when the building was completed and accepted by the architects and was to be in the amount of $1200. By the express terms of the contract, this instalment of $1200 was not due until the building was completed and accepted by the architects, but it was stipulated that it should be made within ten days after the contract was fulfilled. By other provisions of the contract, it was stipulated that plaintiff, owner of the premises, might retain out of any payment then due, or thereafter to become due, an amount sufficient to completely indemnify him against any lien which might thereafter be established against the property. This particular stipulation of the contract does not in terms enjoin the duty on the owner to retain an amount sufficient to discharge any threatened lien, but fully authorizes him to do so if there be evidence of any lien, for which, if established, the premises may become liable and which is chargeable to the contractor. The particular provision of the contract with respect to when the final payment of $1200 was due and upon what condition it should be paid to the contractor by plaintiff is as follows:

"The final payment shall be made within ten days after this contract is fulfilled.

"All payments shall be made upon written certificates of the architects to the effect that such payments have become due."

It appears that this final payment of $1200 was not paid to the contractor by plaintiff in one sum on a written certificate of the architects to the effect that it had become due, but, on the contrary, it was divided into two parts. A day or two before the building was finally completed, plaintiff paid $300 of this amount to defendant contractor, on a mere written order of the architects without any certificate whatever to the effect that

any amount was then due. Indeed, the payment was treated as on account and is so stated. The remainder of the final payments stipulated for was paid a day or two after the building was completed, on a written order of the architect but without any certificate whatever that such payment had become due. The court declared as a matter of law that by thus deviating from the terms of the contract in making the final payment in a manner different from that enjoined by its stipulations, plaintiff had voluntarily discharged the sureties from their obligation.

The argument for plaintiff is, that at the utmost such payments without the required certificates were immaterial deviations which in no manner affected the rights of the parties and therefore the judgment should be given against the sureties as well as against the contractor for a breach of the bond in respect to the lien claim before mentioned. We are not impressed with this argument, for these stipulations as to the time, mode and manner of payments must be regarded as introducing an element of security into the case which inured in favor of the sureties on the bond. It is entirely clear that the plaintiff was fully authorized by the provisions of the contract to pay out this entire amount of $1200 in discharging such claims as might thereafter be established in the form of mechanics' liens against the property. This provision created a security in plaintiff's hands to the amount of $1200 for the purpose of protecting his property against the identical lien for which he now seeks to recover, because of the contractor's breach in not liquidating the material bills. If it was a security in plaintiff's hands, as it clearly was, then, through the doctrine of subrogation, it inured to the benefit of defendants Darlington and Sellers, sureties on the bond for the faithful performance of the contract. By voluntarily releasing this security in his hands, in paying the amount to the contractor, when he could not have been required to do so without a certificate from

the architects that the amount was then due, plaintiff waived his right with respect to enforcing the contract of suretyship; for the obligation of the sureties is *strictissimi juris* and may not be extended beyond the plain letter of the undertaking. In other words, there is no implied obligation whatever on the part of the sureties, and it cannot be said that they have undertaken more or other than that expressed in their contract; for it is only to the extent and in the manner and under the circumstances pointed out in the obligation the sureties are bound and no further. [Reissaus v. Whites, 128 Mo. App. 135, 106 S. W. 603; Martin v. Whites, 128 Mo. App. 117, 106 S. W. 608.] Under the contract plaintiff was required to pay the final $1200 only upon a certificate from the architects to the effect that the amount was due after the building had been fully completed, and he might have used this identical fund to relieve the property from the prospective lien thereafter established. Although plaintiff was not required to do so by the express terms of the contract, he nevertheless reserved the right to withhold money from the contractor, even after due and so certified by the architect, and liquidate prospective lien claims therewith, to the end of protecting his property interests. This right being a security for the same purpose as that stipulated for in the bond, it inured to the benefit of the sureties, and was one to which they were entitled to be subrogated upon liquidating the demand upon which the lien was ultimately established. [Taylor v. Jeter, 23 Mo. 244.] Plaintiff was not required to pay out any portion of this money, nor had he the right to do so, when viewed from the standpoint of the sureties, until the architects had certified the amount was due and the building was completed. By varying from the contract in this respect, plaintiff at least violated the letter of the contract when viewed from the standpoint of the sureties' obligation and threatened loss to them. They had the undoubted right to presume plain-

tiff would comply with the contract on his part and not pay out any of the final installment until the building was completed and the architect had certified the amount was due; for until that was done, they might have interposed to the end of persuading plaintiff to divert this fund by paying off the claim for which a lien was afterwards established, as he clearly had a right to do under the contract, or paid off the claim themselves and enforced their right of subrogation to the installment in plaintiff's hand and then unpaid to the contractor. The sureties had no notice whatever of the fact that plaintiff made these payments otherwise than in accordance with the contract and in no manner consented thereto. It is the rule that whenever the builder does an act whereby injury or loss or liability to loss or increase of risk accrues to the surety without his assent, the surety is entitled by reason thereof to be discharged. [Martin v. Whites, 128 Mo. App. 117, 106 S. W. 608; Reissaus v. Whites, 128 Mo. App. 135, 106 S. W. 603; Evans v. Graden, 125 Mo. 72, 28 S. W. 439; Taylor v. Jeter, 23 Mo. 244.] Therefore, in all of those cases where the stipulations in the building contract as to the payments, fairly construed in the circumstances of the case, introduce an element of security which inures to the benefit of the sureties on the bond, the courts treat any variation by the builder from the expressed terms of payment which threatens to impair this right in favor of the surety as a material alteration of the contract of suretyship sufficient to operate the discharge of the surety. That such is the established law in this jurisdiction there can be no question. [Evans v. Graden, 125 Mo. 72, 28 S. W. 439; Taylor v. Jeter, 23 Mo. 244; Martin v. Whites, 128 Mo. App. 117, 106 S. W. 608.]

The court very properly declared the law on the facts as found. The judgment should be affirmed. It is so ordered. *Goode, J.,* concurs; *Reynolds, P. J.,* not sitting.