# EDWARD ROENNIGKE, Respondent, v. LOUIS ESSIG, Appellant.

### St. Louis Court of Appeals, December 3, 1912.

1. **PRINCIPAL AND SURETY: Building Contract: Failure of Principal to Sign Bond: Liability of Surety.** Where a builder's contract appeared on one side of a printed sheet and the bond for performance on the other, each instrument aptly referring to the other and contemplating that the contract by its terms should be parcel of the bond, and the principal signed the contract, the surety on the bond was bound thereby, although the principal did not sign it, since the principal was bound in the first instance by the contract and the bond showed that it was a complete instrument when executed by the surety alone.

2. ————: ————: **Failure of Obligee to Retain Stipulated Percentage: Discharge of Surety.** Where a building contract stipulates that the owner shall withhold from the contractor a percentage of the contract price as a security against liens and until such liens are settled, the surety on a bond, conditioned upon the performance of the contract and the payment of all lien claims by the contractor, is discharged if the owner surrenders this security without his consent; but where a building contract provides that the owner shall, during the course of construction, pay the contractor a certain percentage of the contract price, and that the retained percentage shall be paid to him ten days after the building is completed and on its acceptance by the owner, and the owner pays the contractor the retained percentage ten days after the building is completed and on its acceptance by him, the surety on a bond, conditioned upon the performance of the contract and the payment of all lienable claims by the contractor, is not thereby discharged from liability for lienable claims subsequently paid by the owner, since the retained percentage was paid in accordance with the contract, and the surety, under the terms of the contract and bond, consented to its being so paid.

Appeal from St. Louis City Circuit Court.—*Hon. George H. Williams,* Judge.

AFFIRMED.

*Eugene Buder* for appellant.

(1)   A surety's liability is one *strictissimi juris* and cannot be extended by implication or presumption beyond the strict terms of the bond. Harris v. Taylor, 150 Mo. App. 291; Reissaus v. Whites, 128 Mo. App. 135; Beers v. Wolf, 116 Mo. 179; Gray v. Davis, 89 Mo. App. 450; Earth v. Allen, 55 Mo. App. 107; Kiessig v. Allspaugh, 13 L. R. A. 418.    (2)    Where a building contract provides that the owner, who is also the obligee in a bond given to secure the performance of the building contract, should not pay more than 75 per cent of the contract price to the contractor as the work progressed, and the owner at any time paid more than the 75 per cent as the work progressed, a surety on the bond is discharged. Evans v. Graden, 125 Mo. 72; Tinsley v. Kemery, 111 Mo. App. 87; Taylor v. Jeter, 23 Mo. 244; Martin v. Whites, 128 Mo. App. 117; Harris v. Taylor, 150 Mo. App. 291.    (3)    Where a building contract provides that the owner, who is also the obligee in a bond given to secure the performance of the building contract, is to retain and hold 25 per cent of the contract price, as security for the faithful completion of the work in the liquidation of any damages under said contract, and for the purpose of furnishing the owner a release from any lien or right of lien, and the owner fails to hold and retain said 25 per cent as in the contract provided, the surety is discharged from liability on the bond.    Evans v. Graden, 125 Mo. 72; Tinsley v. Kemery, 111 Mo. App. 87; Taylor v. Jeter, 23 Mo. 244; Martin v. Whites, 128 Mo. App. 117; Harris v. Taylor, 150 Mo. App. 291. (4)    Where a bond given to secure the performance of a building contract required the signatures of the contractors named in the building contract, and the contractors failed to sign the bond, the sureties in the bond are discharged.   Brown v. Jetmore, 70 Mo. 228; Gay v. Murphy, 134 Mo. 98; Association v. Obert, 169 Mo. 507; Bjoin v. Anglin, 97 Minn. 326.

*Carl Otto* for respondent.

The body of the bond shows no other signatures were intended except Essig and Schweitzer and Essig signed intending to bind himself. The *testimonium* clause will be rejected as not sensible or reasonable. The bond referred to the contract and the contract referred to the bond and they thereby become one contract. Haddaway v. Post, 35 Mo. App. 278; Bishop on Contracts (2 Ed.), sec. 347.

NORTONI, J.—This is a suit on a builder's bond. The finding and judgment were for plaintiff, and defendant surety on the bond alone prosecutes the appeal.

Henry A. Christophel and W. H. Pearson contracted in writing with plaintiff to furnish the materials and erect a building for him at the agreed price of $6200. Among other things, the contract stipulated the building was to be completed and delivered to plaintiff free of all liens, etc. In connection with this contract and in assurance of its fulfilment, defendant Essig, as surety, executed the bond in suit in the amount of $6200, whereby he bound himself to answer for the default of Christophel and Pearson in respect of any matter stipulated for in the contract. After settling with the contractors on the certificate of the architect, plaintiff was required to expend $516.87 in liquidation of lien claims against the building, and prosecutes this suit upon the bond to recover therefor.

It is first argued the court should have directed a verdict for defendant Essig, the surety, for the reason that the names of Christophel and Pearson, principals, were not affixed to the bond. It appears the building contract and the bond in suit were executed by the use of printed forms both on the same sheet of paper. In other words, the builder's contract is printed on one side of a sheet of paper and the bond for the faithful

fulfilment of the contract on the reverse side thereof. Each of these documents in apt terms refers to the other. Christophel and Pearson, contractors, together with the plaintiff, signed and executed the contract. The bond, on the reverse side of the sheet, however, is not signed by Christophel and Pearson, but they are referred to in the body thereof as the contractors and as the principals who signed the above contract, the provisions of which the bond undertakes to assure. However, it is obvious from the form of the bond that it was not contemplated that the contractors, Christophel and Pearson, should do more than sign the contract, which, by the terms of the two writings, became parcel of the bond. In other words, it appears from the papers themselves that it was not contemplated the principals should affix their signatures to the bond, provided they signed, as they did, the builder's contract on the reverse side of the sheet. Some of the authorities declare that where the principal omitted to sign a common law bond, when it clearly appeared that the parties contemplated that he should so sign it, the sureties were not bound, though they had affixed their signatures thereto. The theory with respect to such cases is, that as the contract of suretyship is secondary in its nature, there is no obligation entailed against the surety unless the principal is bound in the first instance. But the rule is without force here, for it is obvious that the principals, Christophel and Pearson, were bound to the faithful execution of the contract, and the contract is parcel of the bond. This contract stipulates the full and identical obligation which the surety undertook to assure. From this it appears the principals, Christophel and Pearson, were bound in the first instance and, therefore, Essig, the surety, was bound by signing the bond to the secondary obligation. The bond, printed on the same sheet with the contract, reveals that it was a completed instrument when executed by the surety alone.

Roennigke v. Essig.

The precise point has been heretofore determined in a case involving a like contract, as will appear by reference to North St. Louis Planing Mill v. Essex, 157 Mo. App. 18, 137 S. W. 295. There can be no doubt that on the face of the bond the surety's obligation was valid and complete.

The builder's contract provides, among other things, that the plaintiff should pay, during the course of construction, to the builders not to exceed seventy-five per cent of the contract price and retain a balance of twenty-five per cent thereof as security against possible liens, etc., and that the final payment of this twenty-five per cent should be made ten days after the building was completed and on its acceptance by plaintiff. All payments were to be made on the certificate of J. L. Wees, architect and superintendent of the building. It appears that plaintiff made payments on the contract in accordance with this agreement on the certificate of the architect and retained twenty-five per cent of the contract price until ten days after the building was completed, when, upon its acceptance, the remaining twenty-five per cent of the contract price was paid to the contractors on the certificate of the architect. It is argued the court should have directed a verdict for defendant surety on the ground that plaintiff released the security in his hands by paying out the remaining twenty-five per cent of the contract price without regard to the probable liens that might be run upon the building. There can be no doubt that when the contract stipulates the owner shall withhold from the contractor a percentage of the contract price as a security against probable liens and until such lien claims are settled, without more, the surety is discharged if the owner surrenders this security without his consent. [Such is the doctrine of Evans v. Graden, 125 Mo. 72, 28 S. W. 439; Harris v. Taylor, 150 Mo. App. 291, 129 S. W. 995.] But the rule invoked is wholly without influence here, for it appears con-

clusively that the surety consented to the payments being made by plaintiff, for the contract stipulates the course to be pursued. It cannot be said that the surety, Essig, did not consent to the payments of the final twenty-five per cent of the contract price ten days after the completion of the building upon the certificate of the architect, Wees, for the contract in plain and pointed terms stipulates that the final payment should be made upon such certificate and that such payment was authorized when such certificate was given. Obviously, the surety consented to this, for the contract, in all its terms, is parcel of the obligation between the parties and it was the course prescribed for plaintiff to pay the balance of the contract price in accordance with the contract on the certificate of the architect, as he did. Though by so doing plaintiff released a security in his hands, it is entirely clear that this security was released with the consent of the surety and in full accord with the terms of the contract and bond, for he was authorized to pay out this fund upon the certificate of the architect.

The judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Caulfield, J.,* concur.