STATE, TO USE OF JOHN YOUNG, Respondent, *v.* THEODORE HESSELMEYER *et al.*, Appellants.

*Attachment—Bond.*—The return into court by the sheriff of the bonds taken by him in an attachment suit, under the act of 1855, p. 247, § 29 & 30, is sufficient evidence of his approval of the bond.

*Bond—Parties.*—Two or more joint obligees having a joint interest, must join as plaintiffs; but where the bond is taken to the State for the benefit of parties having separate interests, they need not be joined as parties to whose use the suit is brought. If the petition do not show the interest, the defect cannot be reached by demurrer or motion in arrest of judgment; but the joinder or nonjoinder may be taken advantage of at the trial.

### Appeal from St. Louis Circuit Court.

An attachment was sued out in the St. Louis Circuit Court by Bratenahl et al. against Grimes, and certain property levied on; this having been separately claimed by John Young, the relator, and by Carnot F. Fenton, the sheriff took one bond—that now sued upon at the relation of John Young, one of the claimants—and returned the same into court. At the trial, this bond was read in evidence by the plaintiff, defendants excepting, but the court overruling the objection. A verdict was found for the plaintiff, whereupon defendants moved for a new trial and in arrest, both of which motions having been overruled by the court, defendants appealed.

Defendants appealed upon the ground of a defect of parties: that Carnot F. Fenton, who separately claimed part of the property levied upon in the attachment, but none of that sued for, was no party to the suit. Defendants did not demur to the petition, nor raise the point by their answer.

*Woerner & Simmons*, for appellants.

I. The failure of the sheriff to approve the bond upon which this suit was brought renders it null and void.

In the case of Cockrill v. Owen, 10 Mo. 287, this court held that no suit could be maintained upon a recognizance of appeal from a justice not approved and attested as required by the statute. In the case of Byrne v. Thompson, 1 Mo. 443, an appeal from the County Court was dismissed because the recognizance was not approved, as required by law. (Bradley v. Holloway, 28 Mo. 150.)

*A. J. P. Garesché*, for respondent.

I. The bond is sufficient. (Brant et al. v. Brotherton's Adm'r, 7 Mo. 458; State, use of Cameron, v. Berry, 12 Mo. 378; State v. Thomas, 17 Mo. 505; Frank et al. v. Waterman, 21 Mo. 108.)

II. The bond is to the State, the property seized having been separately claimed by Fenton and by Young. Young

had a right to sue separately under the bond for his own injury. (Bailey v. Powell, 11 Mo. 416; Barnes v. Webster, 16 Mo. 265.)

III. The objection of defect of parties is waived when raised neither by demurrer nor by answer. (R. C. 1855, p. 1231, § 6 & 10.)

DRYDEN, Judge, delivered the opinion of the court.

The defendants' objection to the admission of the bond in evidence is founded upon the assumption that the bond imposed no obligation on the obligors without an endorsement in writing of the sheriff's approval of it. There is nothing in the objection. The act under which the bond was given, in terms requires the sheriff to approve the securities, but is silent as to the approval of the bond. The statute is likewise silent as to how the approval of the securities shall be shown. In the absence of any statutory provision on the subject, the return of the bond, with the process, into court, by the proper officer, would be at least *prima facie* evidence of his approval of the securities.

Another objection to the reading of the bond is, that, as the statute requires the bond to be given by the plaintiff or his agent in the attachment suit, and as this bond was not given by the attachment plaintiff, and as it does not appear that Hesselmeyer, the principal, was his agent, the bond is of no validity, and ought not to have been read.

It does not lie in the mouth of the obligors to make this objection. They have enjoyed all the advantages from this bond that could possibly have resulted to them from one free from the defect of which they now complain; and as they have had its benefits they ought to bear its burdens.

Where two or more joint obligees have a cause of action arising upon a joint contract, in suing, the joint obligees must, unquestionably, all be joined as plaintiffs. (Clark v. Cable, 21 Mo. 223; Rainy v. Smizer, 28 Mo. 310.) And if, in such case, suit be brought in the name of one only of the several joint obligees, and the joint nature of the contract appear on

the face of the petition, the petition would be insufficient to sustain a judgment, on the ground that it did not state facts sufficient to constitute a cause of action. But in this case the State is the sole obligee in the bond sued on, Young and Fenton being mere beneficiaries. Whether their beneficial interest is joint or several the petition does not show; and as it does not appear that it was joint, the fault, if any exists, could not be reached by demurrer or motion in arrest of judgment, but ought to have been taken advantage of on the trial. Upon the supposition that Fenton was jointly interested with Young in the property for indemnity, for the taking of which the bond was given, he ought to have been joined with Young as relator, and without him, there ought, in such case, to have been no recovery; but it neither appears by the petition, the evidence, nor the finding of the jury in the case that Fenton had any interest whatever in the property, to recover damages for the taking of which this suit is brought. Clark v. Cable, and Rainy v. Smyser, do not affect this case.

We find no error in the record. Let the judgment be affirmed. Judge Bay concurring; Judge Bates absent.