STATE OF MISSOURI, TO USE OF WOLF, Respondent, *v.* JOHN ENGELKE ET. AL., Appellants.

December 31, 1878.

1. Where the bond sued on is on file in another court, the statutory provision as to filing a copy does not apply, and the cause cannot be dismissed for a failure to file a copy thereof.

2. A guardian who has become non-resident may be removed without a citation to him; and where he is in possession of the ward's funds, the order of removal is in itself an order to pay over to his successor, and no further order is necessary.

3. In an action by a guardian, where the record of the Probate Court introduced shows an appointment by the clerk in vacation, and an approval thereof by the court, the question cannot be raised as to whether the record-date of the appointment was actually a day in vacation or a day in term.

4. In an action against the sureties on a guardian's bond, an annual settlement, though not conclusive, is evidence tending to show that the sureties are liable for the balance there stated.

APPEAL from St. Louis Circuit Court.

*Affirmed.*

MARSHALL & BARCLAY, for appellants : The original bond on which the suit was founded, or a certified copy thereof, should have been filed prior to the day of trial. This not having been done, the motion to dismiss should have been sustained. — Wag. Stats., p. 597, sect. 42 ; p. 1022, sect. 51 ; *Rothwell* v. *Morgan,* 37 Mo. 107 ; *Peake* v. *Bell,* 65 Mo. 224 ; *Hannibal, etc., R. Co.* v. *Knudson,* 62 Mo. 569. Where a guardian not otherwise in default is removed from his trust by reason of his non-residence, and no successor is appointed at the term at which he is removed, he is not liable for a failure to pay over the ward's assets to his successor (appointed several years later) until demand for the same by the latter, or at least an order of the court for such payment. — Wag. Stats., p. 675, sect. 19 ; p. 682, sect. 51 ; p. 77, sect. 47 ; p. 81, sect. 67 ; *Bailey* v. *Rogers,* 1 Me. 186 ; *Anderson* v. *Maddox,* 3 McCord, 237 ; *Favorite* v. *Booher,* 17 Ohio St. 548 ; *Chapman* v. *Chapman,* 32 Ala. 106 ; *Finney* v. *The State,* 9 Mo. 231 ; *The State* v. *Carroll,* 63 Mo. 156. The annual settlements of a guardian are mere *ex parte* exhibits, and have no value in a collateral proceeding as evidence against any person. They are *not even evidence tending to show* liability of the sureties. — *The State, to use of Thornton,* v. *Hoster,* 61 Mo. 544 ; *The State, to use of Wagenmann,* v. *Rosswaag,* 3 Mo. App. 11 ; *Sheetz* v. *Kirtly,* 62 Mo. 417 ; *Picot* v. *Biddle's Administrator,* 35 Mo. 29. No guardian can be removed without a citation to him to show cause, and notice thereof, actual or constructive, given by the court (through its officers). — Wag. Stats., p. 675, sect. 19 ; p. 682, sect. 51 ; p. 75, sect. 35 ; p. 76, sect. 42 ; p. 680, sect. 42 ; *Isaacs* v. *Taylor,* 3 Dana, 600 ; *Fithian* v. *Monks,* 43 Mo. 502. The probate clerk, *during term of court,* had no power to appoint the relator as guardian. Such appointment is void. — Laws St. Louis County, 1872, p. 151, sects. 9, 10 ; p. 152, sect. 14 ;

*Boynton* v. *Nelson*, 46 Ala. 501; *Lunger* v. *The State*, 12 Ind. 483. The subsequent approval by court, in term, of a void order gives it no greater validity. Both orders are nullities. — *Stockton* v. *Ransom*, 60 Mo. 535.

KERR & TITTMANN, for respondent: The petition need not allege that the instrument sued on, or a copy of it, is filed with the petition. — *Railroad Co.* v. *Knudson*, 62 Mo. 569; *Burdsall* v. *Davies*, 58 Mo. 138; *The State ex rel.* v. *Eldridge*, 65 Mo. 584; *Cator* v. *Collins*, 2 Mo. App. 331. No advantage can be taken, in a collateral action, of an irregularity in the appointment of a guardian. — *Johnson* v. *Beasley*, 65 Mo. 257; *Riley* v. *McCord*, 24 Mo. 266. Defendants having recited the appointment in their bond, are estopped from disputing its validity. — *Shroyer* v. *Richmond*, 16 Ohio St. 455; *Cutter* v. *Dickinson*, 8 Pick. 386; *Hoke* v. *Hoke*, 3 W. Va. 561; *Booth* v. *Carondelet*, 8 Mo. 644. The annual settlement was *prima facie* evidence of Heil's liability.—*The State to use* v. *Rosswaag*, 3 Mo. Ap. 11; *The State* v. *Lankfor*, 55 Mo. 568. The order removing the guardian was equivalent to an order to pay over any money in his hands to his successor. — *Finney* v. *The State*, 9 Mo. 225. The appointment of the guardian cannot be inquired into in this action. — *Riley* v. *McCord*, 24 Mo. 266; *Johnson* v. *Beasley*, 65 Mo. 257.

HAYDEN, J., delivered the opinion of the court.

This is an action brought by the present guardian of a ward upon a bond given by the defendants as sureties of a former guardian. On March 24, 1865, one Heil was appointed guardian, and as such gave the usual bond, with the defendants as sureties. On June 23, 1873, Heil filed his annual settlement, which showed an indebtedness to his ward of $495.65, and the Probate Court found the balance accordingly. On December 6, 1873, an order of the Probate Court was made revoking and annulling the appointment of Heil as guardian. On July 2, 1877, the present guardian

was appointed, who in this suit assigns as a breach of the bond of Heil that the latter did not pay to the relator the sum due upon the settlement. There was judgment for the relator.

It is first contended that, this suit being upon the bond, and no certified copy of the bond having been filed until the day of trial, the motion made to dismiss the suit should have been sustained. Wag. Stats. 1022, sect. 57; 37 Mo. 107; 65 Mo. 224. Compare 62 Mo. 570. The petition alleges that the bond is not in the possession or under the control of the plaintiff, but on file in the Probate Court; and such was the fact. We are now asked to extend this statute, and make it apply to filing copies in cases where the original can neither be filed nor an averment be made that it is lost or destroyed, and to affix the penalty of dismissal of the suit to a class of cases not included in the statute. But the mere fact that a reason may exist 'why copies should be filed, where the originals are neither lost nor destroyed, gives the courts no power to extend the statutes. Here the relator could neither file the original, nor could he allege it to be lost or destroyed. The rule, so far as the penalty of dismissal is concerned, is a strict statutory rule, and a case must be brought within the statute as it stands. The statute, however, has reference to the rule of the common law of pleading, which did not require profert or permit oyer when the necessary deed was lost or destroyed, but allowed issue to be taken as to the fact alleged as an excuse for not making profert. When the instrument was neither lost nor destroyed, but was in the nature of a record, other rules prevailed; and of a record proper, oyer was not demandable. Tidd's Pr. *586; Chitty's Pl. *366, *430; *Thatcher* v. *Lyman*, 5 Mass. 260. But, apart from the origin of the rule, it is enough that the present case is not within the statute.

It is now contended that the removal of Heil as guardian, without a citation and notice thereof by the court, was void;

that where a guardian not otherwise in default is removed
for non-residence, and no successor is appointed at the
same time, he is not liable for failure to pay over his ward's
assets to his successor until demand by the latter, or an
order of court for such payment.   The order of court of
December 6, 1873, shows that notice of the application for
removal was given to Heil by the applicant; the non-
appearance of Heil; and that the court, after hearing evi-
dence, was satisfied of the fact of non-residence.   No
statute is shown requiring a citation to a non-resident
guardian.   The section of the statute applicable to cases
where the guardian becomes non-resident is special and
governs, and is not governed by the fifty-first and last sec-
tion of the Guardian Act, which is general.   The fifteenth
section of the act of 1839 (Sess. Acts 1838–9, p. 58, sect.
15), now the nineteenth section of chap. 116 of the Gen-
eral Statutes, concerning guardians, provides that "no per-
son other than a resident of the State shall be appointed
guardian or curator; and if after his appointment any
guardian or curator remove from this State, his appointment
shall be revoked, and proceedings had as in other cases of
revocation.   Thus the statute provides that if the guardian
or curator remove from the State his appointment "shall
be revoked," the cause being his mere removal, and then
proceedings shall be had as in other cases, etc.   This sec-
tion was construed by the Supreme Court of this State in
*Finney* v. *The State*, 9 Mo. 225, and the construction
there settled has become part of the statute.   It was
there held that the guardian must be presumed to have
had notice of the order which removed him and appointed
his successor; and that, as the guardian was in the posses-
sion of moneys which he had no right to retain, the order
of removal was equivalent to an order to pay over to his
successor.   It is contended that the fifty-first section of the
chapter as to guardians (Wag. Stats. 682, sect. 51) creates
a difference, but the fourteenth section of the act of 1839,

which was before the Supreme Court when the decision in *Finney* v. *The State* was decided, is similar to the present fifty-first section of the chapter in reference to guardians, so far as the latter section has a bearing upon the present question. Acts 1838–9, p. 58, sect. 14; Rev. Stats. 1835, p. 43, sect. 25. No statutory changes have been pointed out which induce us to declare the decision of the Supreme Court not applicable. But it is said that in the case of *Finney* v. *The State* the appointment of the successor was part of the order of removal of the first guardian. Though the Supreme Court notices this fact, the decision is placed upon no such ground, but distinctly upon the ground that there was " no statutory provision requiring, as in the case of administrators, any further order." (p. 230.) This leads the appellants to indulge in the supposition that the Supreme Court overlooked the fourteenth section of the act of 1839, although that section immediately precedes the section they were construing. But the Supreme Court, on the contrary, considered both sections, and saw that the first was general, and that the second is not an idle repetition but lays down a special rule for the peculiar case of guardians becoming non-residents, in which case the legislative mandate is that the appointment " shall be revoked and that *then* proceedings shall be had as in *other* cases of revocation. But upon the supposition that sect. 51 of the Guardian Act applies (Wag. Stats. 682), still appellant's point as to notice is not well taken, for the thirty-fifth section of the first article of the Administration Act (Wag. Stats. 75) does not require a citation from the court, but only " due notice given to the person complained of." In this case the proceedings conformed to the requirements of this section.

The annual settlement, though not conclusive, was evidence tending to show that the sureties were liable for the balance there stated. *The State, to use, etc.,* v. *Rosswaag,* 3 Mo. App. 11. When the decision in *The State, etc.,* v.

*Hoster*, 61 Mo. 544, is examined, it will be found, so far as the doctrine announced is concerned, to be distinctly in favor of the rule now laid down. The last words of the decision are : "As the settlement herein sued upon was only an annual settlement, the defendants were not precluded from disputing its correctness, and it was not entitled to the force of a judgment against them." This is the conclusion and key-note of the decision. The issue in that case was whether the settlement was a final settlement and conclusive. This was asserted by the relators there and denied by the defendants. For aught that appears, the point was not suggested or argued that if not a final settlement it was at least admissible as evidence. So that all that can be said is that the court decided the question before it and did not decide a question not before it and which it seems the relators did not care to raise. The doctrine laid down in the decision is as above quoted, and this is in harmony with previous rulings of the same court. *Picot* v. *Biddle*, 35 Mo. 29 ; *The State, etc.,* v. *Lankfor*, 55 Mo. 564. *Sheetz* v. *Kirtly*, 62 Mo. 417, does not conflict with these previous rulings.

There is nothing in the point that the appointment of the relator as guardian was invalid. The defendants cannot thus collaterally raise the question. It is said that the invalidity of the appointment appears on the face of the record offered by the relator to prove the appointment. On the contrary, it appears that the clerk of the Probate Court reported to the court "that in vacation he appointed" the relator; and that upon this report the court confirmed the appointment. Arguments are now adduced to show that this appointment could not have been made in vacation, but must have been in term ; but with these arguments we have no concern. Whether the Probate Court met on the first Monday of the June term, 1877, or under the statutory power given to it it altered the time of holding its stated terms, we need not inquire. The mere fact that the ap-

pointment was made on July 2, 1877, and that the court's approval of the order was made afterwards, and yet at the June term, 1877, may, in connection with certain provisions of law, justify an inference that the order was made in term and not in vacation; but the question does not depend upon arguments as to probabilities. There is nothing upon the face of the order which shows that the appointment was otherwise than valid.

The point that the first guardian could not make a final settlement with the court for the purpose of his discharge until three months after the appointment of his successor, has no bearing upon any question in this case. Here was no final settlement, nor is the construction of sects. 48, 49, and 50 of the chapter as to guardians in any way involved. (Wag. Stats. 681.) Here the guardian, after taking the trust upon himself and while his duties were unperformed, abandoned the State, thereby absolutely disqualifying himself.

There is no error in the record, and.the judgment of the court below will be affirmed. All the judges concur.