ELLIS R. SMITH to the use of A. O. CABINESS, Appellant,. v. JAMES S. WHITE *et al.*, Respondents.

Kansas City Court of Appeals, March 7, 1892.

1. **Construction: EXECUTION: SECTION 6311; INFORMAL CLAIM.** Section 6311, Revised Statutes, 1889, does not require the claim of the person claiming property seized under execution against another shall be made in the manner and in the terms of the statute in order to make valid a bond which may be given; and the claim being informal, if the constable and plaintiff in the execution act thereon, the bond given will be valid. (The cases are reviewed and harmonized in the opinion.)

2. **Parties: ACTION: JOINT AND SEVERAL INTEREST OF OBLIGEES IN BOND.** Where an indemnifying bond is executed to a constable for the benefit of two parties whose interest in the property seized by the constable does not appear to be joint, but several, each party has a separate action on the bond.

*Appeal from the Pettis Circuit Court.*—HON. RICHARD FIELD, Judge.

REVERSED AND REMANDED.

*G. W. Barnett* and *Sheely & Sheely*, for appellant..

The court erred in not sustaining the demurrer to the petition; it stated a good cause of action. A. O. Cabiness and Lizzie Collier were not joint obligees. The constable was the obligee in the bond, and the two claimants of property were the beneficiaries, and either one injured could sue alone without joining the other, provided the one suing is the sole owner of the property for which suit is brought. *State to use v. Leutzinger*,. 41 Mo. 498; *Johnson v. True*,. 25 Mo. App. 451; *Levering v. Schnell*, 78 Mo. 169; *State to use v. Hesselmeyer*, 34 Mo. 77. Each party injured may have a

separate suit on the bond. R. S. 1889, sec. 6311. Although the bond in form might be joint, yet, if founded upon separate consideration moving to each, it will be construed as several, and any party may maintain an action on it for a breach affecting himself only. *Cross v. Williams*, 72 Mo. 577.

*Sangree & Lamm*, for respondents.

The petition does not state facts sufficient to constitute a cause of action, and the demurrer was rightly sustained. Conditions precedent required by law should be fully pleaded, as should also every fact necessary to bring the case within the statute when the remedy is created by the statute itself. Bliss on Code Pleading, sec. 202; *Jaccard v. Anderson*, 32 Mo. 188; *Pier v. Heinrichoffen*, 52 Mo. 333; *Parks v. Heman*, 7 Mo. App. 14; Abbott's Trial Brief on Pleadings, sec. 345, and cases cited in note; Abbott's Trial Brief on Pleadings, sec. 342, and cases cited. And the law will not assume anything in favor of the pleader that he has not averred. *Cruger v. Railroad*, 12 N. Y. 190, 201. Those cases which held that the informality of the written notice of claim is no defense on an indemnifying bond (*Eichelmann v. Weiss*, 7 Mo. App. 87; *State ex rel. v. Watson*, 30 Mo. 122; *State ex rel. v. Johnson*, 1 Mo. App. 219) and others do not construe the statute under which this action is brought or control this case. Those decisions construe the old special act for the county of St. Louis, and which is now a part of the scheme and charter. Scheme & Charter, art. 12; R. S. 1889, p. 2178. The bond sued on was not a voluntary bond. The petition alleges that the constable exacted the bond. It should, therefore, allege all the facts and the statutory conditions that gave him a right to exact the bond, or the bond is void and will not support an action. *Roberts v. Samuel*, 17 Mo. 555; *State ex rel. v. Rucker*, 19 Mo. App. 587, 590. There is a demurrable

defect of parties appearing on the face of the petition, and the demurrer was rightly sustained on that ground. Demurrer was the right remedy to reach the defect. R. S. 1889, secs. 1994, 2043; *Dewey v. Carey*, 60 Mo. 224; *Ryan v. Riddle*, 78 Mo. 521; *Henry v. Mt. Pleasant Twp.*, 70 Mo. 500; *Thieman v. Goodnight*, 17 Mo. App. 429; Dicey on Parties, p. 119; *State ex rel. v. True*, 25 Mo. App. 451.

ELLISON, J.—There was a demurrer to the petition in this cause, which, being sustained, plaintiff refused to amend and appealed to this court.

The action is based on an indemnifying bond given to a constable by a plaintiff in an execution as provided in section 6311, Revised Statutes, 1889. The constable levied upon personal property as belonging to the defendant in the execution, when the plaintiff interposed her claim to the property. This claim, as set out in the petition, was informal, in that it omitted some material matters required by the statute. From this it is urged in support of the demurrer that the constable had no right to take the bond, and that, having taken it on such informal claim, the obligors (defendants) are not liable. The case involves a construction of section 6311. It cannot properly be inferred from that section that the claim made by the claimants shall be made in the manner and in the terms of the statute in order to make valid a bond which may be given in response to such informal claim. If the claim be insufficient under the terms of the statute, but the constable and the plaintiff in the execution nevertheless *act* upon such informal claim, the constable demanding and the plaintiff furnishing the indemnifying bond, such bond is valid against the plaintiff and his sureties, and will discharge the officer from liability. *State to use v. Watson*, 30 Mo. 122. That case involved a local statute, but in all substantial respects like the present statute. But such informal or insufficient claim is not enough to

authorize or justify the officer in *requiring* or demanding of the plaintiff a bond, nor to compel the plaintiff to furnish the bond, if demanded of him by the constable, nor would the officer be justified in releasing the property if plaintiff should refuse to give a bond on such insufficient claim. *Bradley v. Holloway*, 28 Mo. 150 ; *State ex rel. v. Rucker*, 19 Mo. App. 587. I think there is no doubt but the foregoing is what those cases meant to decide.

I am not able to understand why it should be considered ( as said by the St. Louis Court of Appeals in *Eichelmann v. Weiss*, 7 Mo. App. 87, and *State to use v. Schmidt*, 20 Mo. App. 50 ) that *State v. Watson, supra*, overrules *Bradley v. Holloway*. The two cases seem to be entirely consistent ; one decides the bond cannot be required in response to an informal claim, and the other that, though it cannot be required, yet, if it should be given, it is valid and binding. That the supreme court has not considered *Bradley v. Holloway* overruled by *State v. Watson* is evident from the fact that the former has since been frequently cited by that court. It is cited in the case immediately following the *Watson case*, and by the same judge who wrote the *Watson case*. In *Bradley v. Holloway* there was an insufficient claim which the constable did not act upon, and the plaintiff did not give a bond : In *State v. Watson* there was an insufficient claim which the constable and the plaintiff *did act* upon, the plaintiff giving a bond, which was declared to be valid and to release the officer. So, since from the petition in this case it appears that an idemnifying bond was in fact given by the plaintiff in the execution, though upon an insufficient ( statutory ) claim, yet it is a valid bond, and it and the facts upon which it is based are sufficiently pleaded. We rule this point of defendants' demurrer against them.

II. The petition discloses that the plaintiff herein claimed to be the owner of only a portion of the property levied upon, the remainder belonging to Lizzie

Collier. It also shows that the bond was executed for the benefit of both plaintiff and said Lizzie. From this it is contended that there was a defect of parties; that said Lizzie should either have been joined as a plaintiff or made a defendant. Plaintiff's interest does not appear to be joint with Lizzie's. If their interests were in fact joint, it does not appear from the petition, but the contrary seems clearly inferrable. If their interests were separate, one owning one part of the property and the other the remaining part, they each have a separate action on the bond, notwithstanding it be executed to the constable for the benefit of both. *State to use v. Hesselmeyer*, 34 Mo. 76; *State to use v. Leutzinger*, 41 Mo. 498; *Johnson v. True*, 25 Mo. App. 451. And this is true of a bond executed directly to the beneficiaries where their interests are separate and based upon separate considerations. *Cross v. Williams*, 72 Mo. 577. We also rule this point against defendants.

It is lastly contended that there was no final judgment rendered upon which to base an appeal. The judgment is somewhat awkward, but it is sufficient to accomplish the purpose for which it was intended.

Reversed and remanded. All concur.