NORTH ST. LOUIS PLANING MILL COMPANY, Respondent, v. LOUIS ESSEX et al.; LOUIS ESSEX, Appellant.

St. Louis Court of Appeals, May 2, 1911.

1. **PRINCIPAL AND SURETY: Building Bond: Persons Entitled to Enforce: Bond Construed.** Under a contractor's bond, conditioned to be void upon the performance of a building contract, and running in favor of "all persons who may become entitled to liens under said contract," a party who furnishes material and who might have enforced a mechanic's lien therefor is within the bond, without regard to whether he took the steps necessary to such enforcement.

2. ———: Common Law Bond: Execution by Principal not Necessary, When.   While the Supreme Court has held that a common law bond not signed by the principal is void as to sureties, where it shows on its face that it is not a complete instrument without such signature, yet the court, by its reasoning, seems to recognize that sureties are bound, where the bond shows their intention to bind themselves regardless of whether the principal signs or not; at least such would be the case where the principal is already bound by the contract referred to in the bond and to secure the performance of which the bond was given.

3. ———: Building Bond: Not Executed by Principal: Action by Materialman: Pleading: Sufficiency of Petition.   A petition, in an action by a materialman on a contractor's bond given to indemnify the owner of the building, after averring that the owner and contractor had entered into a contract for the erection of a building, alleged that the contractor delivered to the owner a certain bond, signed and sealed by the defendant sureties, by the terms of which contract and bond defendant contractor and defendant sureties bound themselves unto the owner and to all persons who may become entitled to liens under said contract. *Held*, that the petition disclosed that the principal was bound by the contract, and there being nothing in the description of the bond to indicate it recited that it was signed by the principal, or called for such signature, or appeared incomplete without it, the petition did not fail to state a cause of action because it showed that the principal did not sign the bond; *held, further*, that the averment "by the terms of the contract and bond the principal and sureties bound themselves" means nothing more than that, by reading the contract and bond together, as they should be, the sureties, by signing the bond, and the principal, by signing the contract, became bound; *held, further*, that, while the petition was subject to attack by a motion to make more definite and certain, and is not to be commended as a model, it is sufficient on demurrer.

4. ———: ———: Bond and Contract to be Construed Together.   In construing a bond given to secure the performance of a building contract, the bond and contract should be read together.

5. ———: Delivery of Bond by Principal: Presumption.   The principal's possession of a bond executed by a surety is presumed to be rightful, and, having rightful possession, the delivery of it by the principal is binding on the surety, even without his assent, where there is no fact or circumstance that would preclude the acceptance of it.

6. ———: Building Bond: Delivery of Bond: Pleading: Sufficiency of Petition. In an action on a bond given to secure the performance of a building contract, an averment in the petition that, "by the terms of the contract and bond, the sureties bound themselves" was a sufficient averment of execution and delivery of the bond by those charged to have bound themselves by its terms.

7. ———: ———: Consideration. The promise or undertaking of the property owner, contained in a building contract, is a sufficient consideration for the promise or undertaking of the contractor; and the same consideration is sufficient to bind the sureties in a bond given contemporaneously with the contract to secure the owner as well as all persons who might become entitled to liens under the contract.

8. ———: Parties: Joint Obligees: Pleading. While joint obligees must sue jointly, yet, though joined in one bond, they need not sue jointly if the bond be given to secure separate and distinct rights; and if the petition fails to disclose that their rights are joint, the fault, if any exists, cannot be reached by demurrer,

9. ———: Building Bond: Parties: Joint Obligees: Pleading: Facts Stated. In an action on a contractor's bond, given to indemnify the owner of the building as well as all persons who might become entitled to liens under the contract, by one who furnished material to the contractor, the petition did not indicate that any other person than plaintiff became entitled to a lien under the contract, and disclosed no facts to indicate that the obligees were other than the owner, who was named in the bond, and plaintiff, who answered to the description of "one entitled to a lien," and made no disclosure that the interest of these parties was joint, but, on the contrary, the transaction by which plaintiff became entitled to a lien negatived the idea that there was any unity of interest between them. *Held*, that a demurrer to the petition for defect of parties plaintiff, in that other joint obligees were not joined, was not well taken; the bond being given to secure separate and distinct rights, and the petition failing to disclose that the rights of the obligees were joint.

10. PLEADING: Filing Instrument Sued On, or Copy: Not Required, When: Statute Construed. Section 1844, Revised Statutes 1909, providing that, when any petition is founded on an instrument in writing, not therein alleged to be lost or destroyed, such instrument, or a copy thereof verified by affidavit, shall be filed with the petition, is to be given a reasonable construction and not perverted so as to produce injustice; and where, in an action on an instrument, it appears that plaintiff, though having a right to sue under the instru-

ment, is without the possession, control or custody of it, and has no legal right to such possession, control or custody. the statute has no application.

Appeal from St. Louis City Circuit Court.—*Hon. Matt G. Reynolds,* Judge.

AFFIRMED.

*Eugene Buder* for appellant.

(1) The petition does not state facts sufficient to constitute a cause of action against this appellant. (a) The petition does not show privity of contract between plaintiff and defendant. Bliss, Code Pleading, sec. 220, 234 and 235; 7 Am. and Eng. Ency of Law, p. 104, note 2; Davis v. Clinton W. W. Co., 54 Iowa 59; Eau Claire, St. L. L. Co. v. Banks et al., 117 S. W. 611. (b) It fails to show that the principal in the bond signed or executed the same, and the surety is thereby released. Bjoin v. Anglim, 97 Minn. 326; Brown v. Jetmore, 70 Mo. 228; Gay v. Murphy, 134 Mo. 98; North St. L. B. & L. Ass'n. v. Obert et al., 169 Mo. 507. (c) It shows that there is no consideration for the bond moving from the respondent obligee, either to the principal or to the surety (this appellant). Bixler v. Ream, 3 Penr. & W. (Pa.) 282; Smith v. Molleson, 148 N. Y. 241; Ring v. Kelly, 10 Mo. App. 411. (d) It alleges a reason other than the statutory ground of lost or destroyed for not filing the original bond or a copy thereof verified by the affidavit of the plaintiff. Sec. 643, R. S. 1899; Railroad v. Knudson, 62 Mo. 569; Birdsall v. Davies, 58 Mo. 138. (2) Plaintiff has not legal capacity to sue, because it appears from the petition that it is not named as obligee in the bond sued on, and does not show that plaintiff sues as a lienor or in any other representative capacity. Bliss, Code Pleadings, secs. 407 to 409; Bulkley v. Big Muddy Iron Co., 77 Mo. 105; Fuggle v. Hobbs, 42 Mo. 537 (3) There is a defect of parties plaintiff, because other joint obligees named in the bond sued on are not made

parties. Ryan et al. v. Riddle, 78 Mo. 521; Henry v. Mt. Pleasant Township, 70 Mo. 500; Clark v. Cable and Bofinger, 21 Mo. 223; Slaughter v. Davenport, 151 Mo. 26; Rainey v. Smizer, 28 Mo. 310; Bliss, Code Pleading, sec. 63; Ellis v. Railroad, 130 Mo. App. 221; Butler v. Boynton, 117 Mo. App. 462. (4) The reason for not filing the original bond sued on, or a verified copy thereof, was stated in the petition as follows: "The plaintiff not having the possession, control or custody of the original of said bond." This allegation is demurrable, because it does not give the statutory reason that it has been "lost or destroyed" for not filing the same. Sec. 643, R. S.1899; Railroad v. Knudson, 62 Mo. 569; Birdsall v. Davies, 58 Mo. 138; Dyer v. Murdock, 38 Mo. 224. (5) A demurrer to a petition admits only such facts as are well and properly pleaded, but does not admit legal conclusions nor plaintiff's understanding of the meaning of the contract sued on. Blaine v. Publishers, Knapp & Co., 140 Mo. 241; Knapp-Stout & Co. v. St. Louis, 156 Mo. 343; Eau Claire-St. L. L. Co. v. Banks et al., 117 S. W. 611. (6) A surety's liability is strictissimi juris, and cannot be extended by implication or presumption. Beers v. Wolf, 116 Mo. 179; Gray v. Davis, 89 Mo. App. 450; Erath v. Allen, 55 Mo. App. 107; Eau Claire-St. L. L. Co. v. Banks et al., 117 S. W. 611; Kiessig v. Allspaugh et al., 13 L. R. A. 418.

*Rudolph Schulenburg* and *Walter Diehm* for respondent.

(1) Section 643, Revised Statutes of Missouri 1899, does not apply to the facts here involved. Where all the parties to an instrument sign the same, it need not be filed. Campbell v. Wolf, 33 Mo. 459; Bowling v. Hox, 55 Mo. 446; Kelley v. Therey, 143 Mo. 422; Railroad v. Atkison, 17 Mo. App. 484; Workman v. Campbell, 46 Mo. 308; Widman v. Ins. Co., 115 Mo. 342; Heinrich v. Coal Co., 102 Mo. 231; Withers v. Railroad, 122 Mo. 282. (2) It appears from the petition,

as well as from the bond sued on and filed with the pe-
tion that Louis Essex, appellant, signed the bond as
principal and not as surety; and the court below did not
err in overruling defendant's demurrer on the gound
that Christophel and Pearson, in whose behalf the bond
was given, have not signed the bond. Beers v. Wolf, 116
Mo. 179. (3) The petition sets up facts sufficient to
constitute a cause of action to-wit: A contract made
between two parties, Louis Essex, appellant, and Edward
Roenigke, for the benefit of third parties, and the court
below did not err in overruling appellant's demurrer.
Lumber Co. v. Banks, 117 S. W. 611; Meyer v. Lowell, 44
Mo. 328; Rogers v. Goswell, 51 Mo. 466; Rogers v. Gos-
well, 58 Mo. 589; St. Louis Public Schools v. Wood, 77
Mo. 197; State ex rel. v. Gas Light Co., 102 Mo. 472; Ellis
v. Harrison, 104 Mo. 270; St. Louis v. Von Phul, 133
Mo. 561; Davis v. Howard, 144 Mo. 671; School District
v. Levus, 147 Mo. 580; Lime and Cement Co. v. Wind, 86
Mo. App. 163; Buffalo Forge Co. v. Stock, 105 Mo. App.
484.

STATEMENT.—The only question involved on this
appeal is the sufficiency of the petition on demurrer.
The statement prepared by appellant is complete and
fair, and we adopt it as our own as follows: The peti-
tion in this suit was filed by respondent in the St.
Louis Circuit Court September 20, 1907, and alleges, in
substance, that on or about October 4, 1905, the defend-
ants Henry A. Christophel and William H. Pearson,
copartners, entered into a contract, in writing, with one
Edward C. Roenigke, by the terms of which contract
said defendants Christophel & Pearson, contracted with
the said Roenigke, in consideration of the sum of $6200,
to furnish labor and material for the erection of a resi-
dence to be built in St. Louis, Mo., according to certain
plans and specifications and drawings, and to find, pro-
vide, and furnish all labor and materials as shall be fit,
proper and sufficient for completing and finishing the

said building; also, to pay for all labor and materials furnished upon the said building. The petition further states that contemporaneously with and for consideration as a part of said contract, to-wit, "on said 4th day of October, 1905, said defendants Henry A. Christophel and William H. Pearson delivered to said Edward C. Roenigke a certain bond or writing obligatory, signed and sealed on said day by defendants Louis Essex and Heinrich Schweitzer, said bond being made a part hereof, and a copy of which bond is herewith filed, marked 'Exhibit B,' this plaintiff not having the possession, control or custody of the original of said bond, by the terms of which said contract and bond said defendants Henry A. Christophel, William H. Pearson, Louis Essex, and Heinrich Schweitzer bound themselves, their heirs, executors, administrators, jointly and severally, unto said Edward C. Roenigke, and to all persons who may become entitled to liens under said contract dated October 4, 1905, in the penal sum of $6200, to be paid to the said Edward C. Roenigke and to said parties who may be entitled to liens under said contract;" that the bond was conditioned to be void upon the performance of the said contract by the said Christophel & Pearson, copartners; that Christophel & Pearson, copartners, purchased millwork of respondent for the Roenigke building, and failed to pay a balance of $332 for said millwork, and that the failure of Christophel & Pearson to pay said bill constituted a breach of said bond, and prayed for judgment against defendants. The bond was not filed with the petition, but a purported typewritten copy was filed, which was not verified by affidavit of plaintiff. Default was granted against defendants Henry A. Christophel and Heinrich Schweitzer for failure to plead, and suit dismissed as to defendant William H. Pearson for want of service. Defendant Louis Essex first filed a motion for an order on plaintiff to file the original or a verified copy of said bond, or to dismiss its suit, which motion the trial court overruled.

Defendant Louis Essex then filed a separate demurrer, alleging briefly the following grounds, to-wit: First, that the petition does not state facts sufficient to constitute a cause of action; second, that plaintiff has not legal capacity to sue; third, that there is a defect of parties plaintiff; fourth, that the copy of the bond filed is not verified by affidavit of plaintiff, and that the original is not alleged to be lost or destroyed or other legal reason given for not filing the same. The trial court overruled the demurrer, and defendant Louis Essex elected to stand on his demurrer, and the case was then tried on an inquiry of damages and judgment rendered against all defendants, except William H. Pearson, for $6200, and the damages assessed at $346.95 and costs. Defendant Essex filed his motion for a new trial and in arrest of judgment, which were overruled by the court, respectively, and he then, in due time, perfected his appeal to this court. The law points involved in this appeal are presented by the demurrer.

CAULFIELD, J. (after stating the facts).—I. Appellant urges that the petition does not state facts sufficient to constitute a cause of action for several reasons.

(a) The first reason which he urges is that the plaintiff has failed to allege facts from which it may be concluded that it was one of the obligees designated in the bond as "all persons who may become entitled to liens under said contract dated October 4, 1905," and therefore no privity is shown to exist between the plaintiff and defendants. Appellant's position is that, in order for plaintiff to have become "entitled" to a lien under the contract, it must not only have shown, as it did, that it furnished material for the building at the instance of the original contractor, but must have shown that it gave notice to the owner, filed its lien account in time, etc. Appellant even insists that it must appear that in due time the plaintiff had filed suit to enforce its lien.

In making this contention, appellant fails to distinguish between those "entitled" to liens and those who have taken steps to "enforce" them. That distinction was recognized by us in Holland v. Cunliff, 96 Mo. App. 67, 75, 69 S. W. 737, where, through Judge BARCLAY, we said: "By the law of Missouri, a lien in favor of an artisan or other person who furnishes labor or materials to improve realty is imposed in certain circumstances on the interest in land subject to the lien from the time of the commencement of the building or improvement. [R. S. 1899, sec. 4209]. The lien is not, therefore 'obtained through legal proceedings' within the meaning of section 67f of the Bankrupt Law of 1898 (Act July 1, 1898, c. 541, 30 Stat. 565 [U. S. Comp. St. 1901, p. 3450]), although later legal proceedings are needful to secure the fruits of the lien *already engrafted on the realty by the performance of the beneficial acts described.*" (The italics are our own.) Law writers, when discussing the question of who are "entitled" to liens, generally answer it by merely designating classes of persons according to the benefit they have bestowed. Thus one text-writer informs us that "the earlier mechanics' lien acts did not expressly name contractors among those entitled to liens." [Boisot, Mechanics' Liens, sec. 217.] And in another place, (section 220) he states that "a contractor for the labor of others in a mine, at a fixed rate for each man per day, is entitled to a lien for the labor furnished by him as an original contractor." And he speaks of the giving of notice and the filing of the lien as steps in the enforcement of the lien rather as being necessary to "entitle" the claimant to it. It seems to us that the language in question is sufficient to include one who, like the plaintiff, had furnished material and might have enforced a mechanic's lien therefor, without regard to whether he took the steps necessary to such enforcement or not. Indeed, to prevent the steps necessary to enforce the lien and save the owner the expense and trouble incident thereto was evidently the very purpose of giving

those entitled to a lien the privilege of suing on the bond. It would avail the lienor and benefit the owner little, if at all, to give the former the privilege of bringing a suit on the bond only after he had reduced his lien claim to judgment in a separate suit. To hold that the language of the bond contemplated that would be against reason.

(b) Appellant next aserts that the petition fails to state a cause of action because it shows that the principal did not sign the bond. Our Supreme Court has held that a common law bond not signed by the principal is void as to the sureties where it shows on its face that it is not a complete instrument without such signature (Gay v. Murphy, 134 Mo. 98, l. c. 108, 34 S. W. 1091, 56 Am. St. Rep. 496), but the court seems by its reasoning clearly to recognize that the sureties would be bound where the bond shows their intention to bind themselves regardless of whether the principal signs or not; at least, we take it, such would be the case where the principal is already bound by the contract referred to. [1 Brandt, Suretyship and Guaranty, 2 sec. 170.] Here the petition discloses quite distinctly that the principal is bound by the contract referred to, and there is nothing in the description of the bond to indicate that it recites that it is signed by the principal or that it calls for or contemplates such signature or appears incomplete without it. The language of the petition as to that is, that "said defendants, Henry A. Christophel and William H. Pearson (the building contractors), delivered to said Edward C. Roenigke (the owner and named obligee) a certain bond or writing obligatory signed and sealed on said day by defendants Louis Essex and Heinrich Schweitzer (the sureties) . . . by the terms of which said contract and bond, said defendants Henry Christophel, William H. Pearson, Louis Essex, and Heinrich Schweitzer bound themselves," etc. The latter part of this language beginning with "by the terms of which contract and bond" gave us some difficulty, for at first glance it would seem to imply that the

pleader intends to allege that by the terms of the bond
the principals as well as the sureties purported to bind
themselves, which if true, would lead to the inevitable
inference that the bond was incomplete on its face if the
principals failed to sign.   But, on carefully reading the
whole petition, we have concluded that, by alleging that
"by the terms of the contract and bond" the principals
and sureties bound themselves, the pleader meant noth-
ing more than that by reading the bond and contract
together, as they should be read, the sureties by signing
the bond and the principals by signing the contract re-
ferred to became bound.   While the petition would be
subject to a motion to make more definite and certain,
and is not to be commended for use as a model of good
pleading, we feel that it is sufficient in the respect men-
tioned.

(c)   Appellant next contends that the petition is
fatally defective because it does not show that the sure-
ties authorized the principals to deliver the bond for
them.   It sufficiently appears from the petition that the
principals had possession of the bond and delivered it to
the obligee named, duly signed, and sealed by the sure-
ties.   The possession of the bond by the principal will be
presumed to be rightful (Phillips v. Schall, 21 Mo. App.
38, 42) ; and, having rightful possession, his delivery of
it was binding upon the sureties, even without the assent
of the latter, there being, so far as the petition discloses,
nothing on the face of the bond, or in any of the attend-
ing circumstances, to indicate that there was any fact
or circumstance which should preclude the acceptance
of the bond.   [State to Use v. Potter, 63 Mo. 212, 226,
21 Am. Rep. 440.]

Then, too, the petition alleges that by the terms of
the contract and bond the sureties bound  themselves,
etc.   This was sufficient in itself as an averment of exe-
cution and delivery by those alleged to  have  bound
themselves by its terms.   [State ex rel. Phillips v. Rush,
77 Mo. 586; Jacobs v. Curtiss, 67 Conn. 497, 35 Atl. 501]

(d)   Appellant also urges that the petition fails to state a cause of action because there is no consideration alleged for the contract. The promises or undertakings of the owner, Roenigke, contained in the building contract, were a sufficient consideration for the promises or undertakings of Christophel & Pearson, the contractors (Byrd v. Fox, 8 Mo. 574), and that same consideration was sufficient to bind the sureties for the contractors, the bond having been given contemporaneously with the delivery of the contract (Robertson v. Findley, 31 Mo. 384, 388); and such consideration was sufficient to sustain the promise of the sureties for the benefit of the plaintiff, although the latter was not privy to the consideration (Rogers v. Gosnell, 58 Mo. 589, 590).

II.   The second ground of demurrer is that plaintiff has no legal capacity to sue. But appellant bases this ground on the assertion that plaintiff has shown no right to sue, not being a person "entitled to a lien," and we have already disposed of that question in subdivision A of paragraph 1 of this opinion.

III.   Appellant's next ground of demurrer is that there is a defect of parties plaintiff, because "other joint obligees named in the bond" are not made parties. The petition alleges that, by the terms of the bond, the obligors bound themselves "unto said Edward C. Roenigke (the owner) and to all persons who may become entitled to liens under said contract dated October 4, 1905, in the penal sum of $6200." There is nothing in the petition to indicate that any but plaintiff became "entitled to liens under said contract," and no reason to assume that the obligees in said bond are other that Roenigke, the owner, who is named, and plaintiff who answers to the description of one who became entitled to  a  lien. We will consider those two only as obligees.

Now joint obligees must sue  jointly  (Dewey v. Carey, 60 Mo. 224); but, though joined in one bond, they shall be considered as several and may sue separately,

if the bond be given to secure separate and distinct rights; and, if the petition fails to disclose that their rights are joint, the fault, if any exists, cannot be reached by demurrer. [State to Use v. Hesselmeyer, 34 Mo. 76, 78; Smith to Use v. White, 48 Mo. App. 404, 407; Cross v. Williams, 72 Mo. 577, 578].

The petition before us makes no such disclosure. On the contrary, the fair inference is that the rights of the owner, Roenigke, and this plaintiff, are several. The transaction negatives the idea of their having any unity of interest. Unless some special circumstance, of which the petition does not advise us, exists, the owner will not have any right to share in any recovery of damages had herein by this plaintiff and appears to have no concern whether plaintiff recovers or not. Plaintiff is the only real party in interest. This ground of demurrer was not well taken.

IV. The fourth ground of demurrer is based upon the theory that the petition should have alleged that the bond was lost or destroyed; the bond or a copy thereof verified by the affidavit of the plaintiff not having been filed. We do not believe that section 643, Revised Statutes 1899, now section 1844, Revised Statutes 1909, relied upon by appellant's counsel, should be applied to a case like this, where it appears that, though having a right under the instrument sued on, the plaintiff is without the possession, control, or custody of it and has no legal right to such possession, control, or custody. Under such circumstances, the instrument cannot be filed or alleged to have been lost or destroyed. To insist upon such filing or allegation would be to deny plaintiff a remedy. The statute must have a reasonable construction and not be perverted so as to produce injustice. [Workman v. Campbell, 46 Mo. 305, 308; Widman v. Am. Central Ins. Co., 115 Mo. App. 342, 346, 91 S. W. 1003.] In State to Use v. Engelke, 6 Mo. App. 356, this court refused to construe the statute as applicable where the

original could neither be filed nor an averment be made that it was lost or destroyed. It is true that at that time the alternative of filing a verified copy was not permitted by the statute, but the language which required the original to be filed was exactly the same as the language which now requires the original, or a copy verified by the affidavit of the party, to be filed. [Wag. Stats. p. 1022, sec. 51; R. S. 1909, sec. 1844.] We see no reason why that which was held a proper excuse for not filing the original should not be held a proper excuse for not filing the verified copy; the same language being the subject of construction in each case. The alternative provision for the filing of a copy was evidently inserted as a mere indulgence to the party who would otherwise be required to file the original, for by the proviso to the section the court may, when good cause is shown, compel the production of the original before the opposite party shall be required to plead. There is no reason why such insertion should be regarded as having changed the conditions under which the filing is required or excused.

The judgment in this case was affirmed by this court at a former term, when the personnel of the court was different, but a motion for rehearing was sustained, and the case reargued and resubmitted before the court as it is now composed. As indicated by the foregoing opinion, we are convinced that our first conclusion was correct. The judgment of the circuit court is therefore affirmed.

*Reynolds, P. J.,* and *Nortoni, J.,* concur.