## GREER v. SCEARCE.

### Civ. No. 142.

District Court, W. D. Missouri,
St. Joseph Division.

Jan. 25, 1944.

Ben Phillip (of Culver, Phillip, Kaufmann & Smith), of St. Joseph, Mo., for plaintiff.

C. Bruce DuBois, of Grant City, Mo., and J. F. Allebach, of Albany, Mo., for defendants.

DUNCAN, District Judge.

Plaintiff is a resident and citizen of the State of Kentucky. Defendants are residents of Missouri. The suit is brought under Section 400, title 28 U.S.C.A. The amount involved is in excess of $3000. There is no dispute as to the facts.

Prior to his death Ellis A. Scearce and his sisters, Louise S. Greer, the plaintiff, and Susan S. Shoemaker and Anna Laura Johnston were the owners of certain lands in Clinton County, Missouri, which they inherited from their deceased father, each being the owner of an undivided one-fourth interest therein.

In October 1942 Ellis A. Scearce and his three sisters entered into a written agreement, the part of which we are concerned with defining the value of the interest of the parties and the order in which the options created shall be exercised, is as follows:

"It is further agreed that the said Ellis A. Scearce shall have the right and option of purchasing the remainder of said lands hereinabove described as Tracts 2, 3 and 4, on condition that on or before December 1, 1943, time being the essence of this contract, he pays the sum of $12,172.50 to each of the other parties hereto, and it is expressly agreed that if he fails to pay said amount to each of the said parties on or before said last named date, that then his right and option to purchase said property under this agreement shall cease. It is further agreed that should the said Ellis A. Scearce fail to purchase and pay for said land on or before December 1, 1943, as herein agreed, that then the other three parties to this agreement shall, jointly and severally have the right and option of purchasing said lands on the basis of said lands having a total value of $48,690.00 and shall pay the sum of $12,172.50 to each

of the parties hereto not joined in said purchase; that in case said parties hereto other than the said Ellis A. Scearce, or any of them, fail to exercise said option given to them to purchase said lands on or before February 1, 1944, time being the essence of this contract, then their right to do so shall terminate. * * *

"If the said Scearce shall not purchase said lands under the option herein granted him, then he shall surrender possession of said premises to the first parties on the last day of February, 1944. However, should he purchase said lands under the option granted him, then in lieu of the rentals to be paid by him for the use of said lands during said farm year beginning March 1, 1943 he shall pay to each of the other parties hereto interest on the amount coming due them as the purchase price of their respective interests in said lands at the rate of 4% per annum from March 1, 1943, to the date of the purchase of said lands by him.

"At the time of the execution and delivery of this contract the parties hereto other than Ellis A. Scearce have executed quit claim deeds to the said Scearce in which deeds the respective husbands of said parties have joined, and the said Ellis A. Scearce has executed a quit claim deed in which his wife has joined, conveying his right, title and interest in said lands to the other parties hereto, and it is agreed that said deeds, together with a counter-part of this agreement, shall be delivered to the First National Bank of Plattsburg, Missouri, to be held in escrow. In case of the exercise by and of the parties hereto of the option given the said Ellis A. Scearce or the other parties hereto to purchase the interest of the other parties in said land, then on the payment of the amounts agreed upon herein, said Bank shall deliver said deeds to the party or parties entitled thereto under this agreement and return the deed or deeds not so delivered to the party or parties executing the same, who have not become the purchasers of said lands."

Under the terms of the contract Ellis A. Scearce was given the right to purchase the interests of his three sisters on or before December 1, 1943. In the event of the failure of said Ellis A. Scearce to exercise his option within the designated time (time being the essence of the contract), the three sisters jointly were given the right to purchase the interest of Ellis

A. Scearce, or in the event of the failure of the three sisters jointly to purchase the interest of Ellis A. Scearce, any one of the three sisters was given the right to purchase the interest of the other three owners. Ellis A. Scearce lived upon the land and cultivated it.

In the contract the parties agreed upon the total value of all of the lands which was in several tracts, and fixed that value as $48,690, and they also agreed upon the value of the individual interest of each of the undivided owners and fixed that value as $12,172.50. Following the execution of the contract, the parties executed quitclaim deeds and placed them in escrow with the First National Bank of Plattsburg, Missouri, for delivery in accordance with the written agreement.

On November 2, 1942 Ellis A. Scearce died intestate and without issue, and without having exercised the option to purchase. On October 30, 1943 and within the time fixed by the agreement, the defendant Anna B. Scearce as administratrix of the estate of her deceased husband Ellis A. Scearce, and in her capacity as his surviving widow, elected to exercise said option, and notified the other parties in writing of her intention and made tender to each of them of the sum of $12,172.-50, the amount agreed upon as the value of each individual interest prior to the death of Ellis A. Scearce. Each of the three parties upon whom the notice of intention to exercise the option was served, declined to accept the tendered sum and to deliver or authorize the delivery to the defendants a deed conveying her interest.

Following the service of the notice as aforesaid, and on November 8, 1943 the plaintiff filed this suit against defendants praying a declaratory judgment defining the rights of the plaintiff and the defendants under said contract. Shortly after the filing of this suit, the defendants filed a suit in the Circuit Court of Clinton County, Missouri, in which they joined all parties who had any interest in the contract or in the property with respect to which the contract was executed. The petition was in two counts. In the first count the plaintiff prays: "the decree, order and judgment of this court finding that the option contained in the said contract dated October 19, 1942, wherein the defendants Susan S. Shoemaker, Anna Laura Johnston and Louise S. Greer agreed to sell the lands described in this petition to Ellis A. Scearce or his heirs, representatives and assigns, has been exercised by the plaintiff Anna B. Scearce, Administratrix of the estate of Ellis A. Scearce, deceased; that the defendant First National Bank of Plattsburg, Missouri, a Corporation, be directed to deliver all deeds, whereby the lands described in this petition were conveyed to Ellis A. Scearce, to the plaintiff Anna B. Scearce, Administratrix, the said deeds now being held by said Bank as Escrow Agent pursuant to the authority contained in said contract of October 19, 1942; that the rights and interests of the parties hereto in and to said real estate be determined and that all of such rights be settled, equalized and adjusted; that an accounting be had between the parties hereto for the purpose of equalizing and adjusting the interests of the plaintiff Anna B. Scearce, widow, and the defendants Susan S. Shoemaker, Anna Laura Johnston and Louise S. Greer in and to the lands herein described and that each of said persons be required to assume their respective proportionate and equitable shares, in the exercise of said option and that each of the owners of said lands be required to pay in cash their respective shares or in lieu thereof that a lien be impressed on the interests of the defendants Susan S. Shoemaker, Anna Laura Johnston and Louise S. Greer in said lands, for any and all amounts found to be due and owing by any of said persons by the accounting, and for such other and further relief as to the court shall seem meet and just in the premises."

The prayer in the second count of the petition is as follows: "Wherefore plaintiffs pray the court that it will by its judgment and decree determine the rights and interests of the parties hereto and to said real estate and that it will settle, equalize and adjust the rights of the sole parties hereto and that if homestead interests be awarded to Anna B. Scearce, widow, that the same be set off and admeasured; that the lands described in this petition be partitioned, and if partition cannot be made in kind that said lands be sold and the proceeds apportioned according to the respective rights of the parties hereto as found by the Court and for such other relief as to the Court may seem just and proper and for the costs of this suit, including a reasonable attorneys' fee."

Thereafter defendants filed their amended motion duly verified, to "dismiss in this court on the grounds that indispensable

parties were not joined and that another suit covering the same subject-matter is pending in another court." That motion set out in full the petition filed in the Circuit Court of Clinton County, and the notices of her intention to exercise the option to purchase served on plaintiff and Susan S. Shoemaker and Anna Laura Johnston.

Defendants contend in their motion to dismiss and in the brief which they have filed, "that Susan S. Shoemaker and Anna Laura Johnston are necessary parties plaintiff, and that if they were joined as plaintiffs * * * they being residents and citizens of the State of Missouri * * * this court would be without jurisdiction." The latter of course, is true. Defendants insist that such parties must be joined as plaintiffs for two reasons. First: that in an action for declaratory judgment respecting the construction of a contract, all the parties to that contract must be made parties so that all of their interests may be adjudicated, and second: that Section 853, Mo.R.S.A.,[1] requires that such persons be joined either as plaintiffs or defendants. The first proposition will be discussed first.

■■ 1. Certainly it will be conceded that Susan S. Shoemaker and Anna Laura Johnston would be proper parties plaintiff in this suit, if they desired to be joined as such, but the court does not believe that they are necessary parties to a determination of the issues between Louise S. Greer and Anna B. Scearce as the administratrix of the estate of her deceased husband, and in her capacity as his surviving widow. The question is, Is there a "justifiable controversy" existing between the plaintiff and the defendants, which, as between those parties, can be determined without joining the other two parties to the contract as plaintiffs. If there is such a controversy, and it can be disposed of as between the plaintiff and the defendants without the joining of the other parties, then they are not necessary parties.

Under the contract the parties agreed upon the total value of the property in which each of them had an undivided one-fourth interest, and also agreed upon the value of the interest of each of the parties with respect to the total, that is, the amount that each of them should receive in the event any or either of said parties should exercise the right of purchase as agreed upon in the contract. If Ellis A. Scearce saw fit to exercise his option, it was agreed that he should pay to each of the parties, the sum of $12,172.50. His administratrix and widow now seek to step into his shoes and to exercise the right of option which he had under the terms of the contract. The defendants do not seek to pay to Louise S. Greer, Susan S. Shoemaker and Anna Laura Johnston the sum of $36,517.50, the value of the three one-fourth interests which they owned in the property prior to the death of their brother Ellis A. Scearce, but defendants seek, as the contract specified, to pay to each of them the sum of $12,172.50 and demand that the interests be conveyed in accordance with the provisions of said contract. Therefore, it would appear that a controversy exists between the defendants Anna B. Scearce in her representative capacity and in her capacity as surviving widow and Louise S. Greer as the owner of an undivided interest in the property, which may be determined without the joining of the other parties to the contract. The plaintiff had a right to convey her one-fourth interest or not as she saw fit so far as the ownership itself was concerned.

■ Certainly all parties to a contract who are necessary parties should be joined in any action to construe that contract, but the obligation of the plaintiff under said contract which defendants seek to force her to carry out is an obligation that is distinct and severable from those of the other parties to the contract. The court said in Sunshine Mining Co. v. Carver, 34 F.Supp. 274, loc. cit. 280: "The only question with reference to parties to a Declaratory Judgment action is whether a party is made defendant, between whom and the plaintiff, a controversy or cause exists. Under such circumstances the Court has jurisdiction of that controversy without regard to the number of other parties who might have been joined and a declaratory judgment would apply and bind those included as defendants * * *."

When the contract was made plaintiff had a six-twenty-fourths interest in the

[1] Section 853, Mo.R.S.A. "Parties who are united in interest must be joined as plaintiffs or defendants; but if the consent of anyone who should be joined as plaintiff cannot be obtained, he may be made a defendant, the reason thereof being stated in the petition. This section shall apply to both actions at law and suits in equity."

property. Following the death of her brother without issue, she had a seven-twenty-fourths interest. That is not a matter with which the court is concerned in passing on the motion to dismiss, except in determining whether or not there is a "justifiable controversy" as between these parties which may be determined without joining the other parties to the contract.

In view of the foregoing, it would seem that Susan S. Shoemaker and Anna Laura Johnston are not necessary parties to this suit under the Declaratory Judgment Act to a determination of the controversy between plaintiff and defendants.

■■ Defendants' second ground for dismissal of plaintiff's petition is based upon Section 853, Mo.R.S.A. See footnote 1. The law of Missouri is, of course, applicable to this contract. Most of the reasoning with respect to the joining of Susan S. Shoemaker and Anna Laura Johnston for the purposes of declaratory judgment are applicable with respect to joining them under this section, but some further discussion with respect to the applicability of this section of the Missouri statute may be well. This statute is not applicable unless it is a joint contract and the parties to the contract are "united in interest." If the parties are "united in interest", then of course, they must be joined either as plaintiffs or defendants. They were only "united in interest" in the ownership of the property, in that each of them had an undivided interest in the whole. The contract was severable with respect to the exercise of the option, except in the event of the failure of Ellis A. Scearce to exercise his option. In that event the other three parties had the option of jointly acquiring his interest, or either of them had the right to acquire the interest of all the others, including Ellis A. Scearce. In that respect it was joint and severable, and this statute would not apply. Had the brother lived and failed to exercise his option and the three sisters jointly had sought to do so, then any action against the brother certainly would have required the joining of all three as plaintiffs—but that is not this case.

The contract also provided that if Ellis A. Scearce should not purchase the lands under the terms of the option, then in lieu of rentals to be paid by him for the use of said lands during the farm year beginning March 1, 1943 he should pay to each of the other parties interest on the amount coming due to them as the purchase price of their respective interests. The very fact that the amount of the purchase price of each individual interest was fixed and determined, as well as the interest to be paid on that separate amount, was to be paid to each of the three sisters rather than to the three of them jointly, indicated the intention of the parties as to the severability of the contract and that each of the parties was acting for and on his or her own behalf in acquiring or disposing, or the granting of an option for acquiring or disposing of his or her interest in the property.

■■ The general principle of law with respect to severability is well settled. In 17 C.J.S., Contracts, § 334, p. 790 the following rule is laid down: "A test of severability which has frequently been applied is to the effect that, if the consideration is single, the contract is entire, but if the consideration is either expressly or by necessary implication apportioned, the contract will be regarded as severable, although this test will not necessarily prevail over other provisions of the contract showing a contrary intent of the parties."

Where a contract is in form joint, but in fact several, founded upon a separate consideration moving from each party, one of them may sue thereon for a breach affecting himself only. Cross v. Williams, 72 Mo. 577; Bowman v. Branson, 111 Mo. 343, 19 S.W. 634; North St. Louis Planing Co. v. Christophel, 157 Mo.App. 18, 137 S.W. 295. In Cross v. Williams, 72 Mo. loc. cit. 581 the court said: "The nature and especially the entireness, of the consideration is of great importance in determining whether the promise be joint or several."

And in Lawless v. Lawless, 39 Mo.App. 539, a case very much like the present case, the court said: "Though three joint owners of land employ an agent to sell the same, yet if the interest of each owner is understood between him and them and it appears he was to account to each separately for their respective interests, he is liable to each separately for such interest realized [under] the sale."

In view of the fact that the consideration to be paid by the one who exercised the option, regardless of which one of the parties to the contract it may have been, was to be paid not jointly to the other three, but severally to each, in accordance with his or her interest, makes the contract severable and therefore the parties

are not "united in interest" in such manner as to bring the contract within the provisions of the section of the statute aforesaid, and the failure to join the other two parties to the contract as parties plaintiff or defendant will not justify a dismissal of this suit.

The third ground of defendants' motion to dismiss is that another suit covering the same subject matter is pending in another court. Defendants set out in full in their motion, as heretofore stated, a copy of the petition in that case, and the prayer in each count of that petition has been set out in this opinion. A motion to dismiss is addressed to the sound discretion of the court. This "discretion is a legal discretion which must not be exercised arbitrarily, but rather in accordance with fixed principles of law." Crosley Corporation v. Westinghouse Electric & Manufacturing Co., 3 Cir., 130 F.2d 474; 317 U.S. 681, 63 S.Ct. 202.

Actions under the Declaratory Judgment Act do not add anything to the jurisdiction of the court. It is procedural, and being procedural, it is to be liberally construed and applied so as to give the full effect.

" 'A federal court may not refuse to assume jurisdiction merely on the ground that another remedy is available or because another suit is pending, if the controversy between the parties will not necessarily be determined therein.' Maryland Casualty Co. v. Consumers Finance Service Inc., 3 Cir., 101 F.2d 514. * * *.

"It was plainly its duty (speaking of the District Court) to hear and decide all the issues necessary for disposition of the case unless it was made to appear with reasonable certainty that the issues could be adjudicated in the Missouri courts." Brillhart v. Excess Ins. Co., 316 U.S. 491, 500, 62 S.Ct. 1173, 1178, 86 L.Ed. 1620.

In that case the court also said, loc. cit. 494, 495 of 316 U.S., loc. cit. 1175 of 62 S.Ct., 86 L.Ed. 1620: "The motion rested upon the claim that since another proceeding was pending in a state court in which all the matters in controversy between the parties could be fully adjudicated, a declaratory judgment in the federal court was unwarranted. The correctness of this claim was certainly relevant in determining whether the District Court should assume jurisdiction and proceed to determine the rights of the parties. Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided."

In the suit pending in the Circuit Court of Clinton County, Missouri, the defendants here are plaintiffs, and they have joined all the parties to the contract as well as all parties who might have any interest, remote or otherwise, in the property. If that case is tried, then the issues between this plaintiff and these defendants, as well as all other parties to the contract, may be fully determined. If, however, the defendants should abandon their suit there, or for any other reason not proceed to a determination of it, then this court should proceed to determine the rights of the plaintiff and defendants with respect to the contract.

In view of that fact, I am convinced that the motion to dismiss should be overruled, but that this court should not proceed with the disposition of the case on the merits until the parties have had a reasonable opportunity to have the issues determined in the case pending in the state court. It is so ordered.